The action being continued nisi, the opinion of the Court was delivered in Boston, (at an adjourned session of the March term holden in July,) by
* Parker, J.
In this case, the note declared on was made during the minority of the testator, and it is not stated that the consideration for the promise was necessaries for his maintenance and support.
The action is attempted to be supported solely on the ground that the will, which was made after the testator attained to full age, contains a direction to pay his just debts; and it may be presumed, although it is not so stated, that the note declared on was given for a just debt. The only case analogous to this is in chancery, where, it appearing by the will that the infant devised his personal estate for the payment of his debts, particularly those he had set his hand to, it was decreed that a bond debt, contracted while he was an infant, should be paid. (2)
But at common law, it has been settled, in a great variety of cases, that a direct promise, when of age, is necessary to establish a contract made during minority, and that a mere acknowledgment, as in cases' under the statute of limitations, will not have that effect; (3) and it has further been decided that such promise must be made deliberately, and with a knowledge that the party is not liable by law. (4) (a)
We cannot consider the expression in this will as amounting to such a promise. It was made some time after the testator came of age, and it may have had reference to, debts contracted after that period. At any rate, it contains a direction to pay only just debts; and there is nothing in the case, from which we can infer that *65 what was not in law a debt, could be considered by the testator as a just debt. (b)
There are, undoubtedly, cases in which persons apparently of man’s estate, and engaging in business usually transacted by persons of ability to contract, lead unsuspecting creditors into difficulty, and oftentimes into distress; and these cases, individually considered, wear the appearancé of hardship.
. But the general policy of the principle of law, which authorizes an infant to avoid a contract, cannot be disputed.
* The experience of ages has proved its utility. The readiness of young persons to engage themselves in burdensome contracts without sufficient consideration, and of older ones to take advantage of their inexperience, would produce general mischief in the community, did not this wholesome principle interpose to produce a degree of caution in looking to the character of those with whom they deal; and although particular instances of hardship may be lamented, the general policy of the law must be enforced. Judgment in the case before the Court must be entered for the defendants.

 Abr. Eg. Ca. 282.

 2 Esp. Rep. 628.

5 Esp. Rep. 102. — Cro. Eliz. 700, 126. — 3 Esp. Rep. 159. — 1 D. & E. 648.

a) [Vide dict. per Putnam, J., Ford vs. Philips, 1 Pick. Rep. 203. — But why should ignorance of the law avail an adult more in this than in other cases? — Stevens vs. Lynch, 12 East's Rep. 38. — Ed.]

 [Vide Jackson vs. Mayo, 11 Mass. Rep. 147. — Martin vs. Mayo, 10 Mass. Rep. 137. — Ed.]