*Parsons, Assignee of Reed,* vs. *Hill, Administrator, &c.*

PARSONS, Assignee of Reed, *vs.* HILL, Administrator, &c.

An administrator may set up the infancy of his intestate as a bar to a demand founded on a bond executed by the infant. Although the defence of infancy is a personal privilege, yet the administrator is the representative of his intestate, and stands in his place.

ERROR to Audrain Circuit Court.

Van Arsdall *and* Hickman, *for Plaintiff.*

W. J. Howell, *for Defendant.*

Tompkins, J., *delivered the opinion of the Court.*

John N. Parsons, assignee of Thomas D. Reed, filed his demand in the County Court, against Stephen Hill, administrator of Abraham Hill, deceased, for three hundred dollars. The evidence of the demand is a single bill obligatory for the said sum of money, bearing date the fourteenth day of December, 1839. The execution of the bond was proved, and as evidence that the deceased was of lawful age, and able to contract, it was proved by witnesses that he was a young man appearing to be full grown, and transacted business for himself, paid his own taxes, &c. It was proved that the consideration of the note was morus multi-caulis trees.

The administrator produced a witness, who testified that the deceased was born in the year 1821, and, consequently, at the date of that bond, (14th December, 1839,) was not quite nineteen years old.

Judgment in the County Court was given for the plaintiff, Parsons, and Hill, the administrator, appealed to the Circuit Court.

The record was removed from the Circuit Court of Monroe county to that of Audrain county.

The making and assignment of the instrument of writing sued on was proved, and evidence again given of the consideration, &c., as before.

The defendant introduced the testimony of several witnesses, who stated that the deceased obligor was born in the year 1821. One of them stated that he was born on the 27th day of January, 1821.

The judgment of the Circuit Court was given in favor of the administrator, appellee here. Several instructions were asked, which it may not be material to notice, particularly as no error appears to have been committed, either in giving or refusing them. Certainly, it is some evidence that a man is of lawful age when he transacts his own business, uncontrolled by his guardian, his father, or any other person whom he recognizes as his superior; but it is very slight evidence

compared with the testimony of witnesses who swear positively that they know the age of the person against whom the demand is sought to be established, and state that he is not of lawful age.

Again, it was contended that the defence of infancy was personal, and could not be set up by the administrator. In Bingham's Law of Infancy, p. 55, it is said, the heir or executor, sued on an infant's bond, may avoid it by pleading the infancy of the obligor. The heir is privy in blood, and the executor stands exactly in his testator's place; and both avoid the instrument in respect of the estate transmitted. The administrator stands in the place of the intestate, as the executor does of the testator. It would be a thing of evil consequence if a writing obtained as this was should become more obligatory by the death of the obligor.

It was also contended, that the Circuit Court committed error in setting aside the judgment of the County Court. In the case of Davis vs. Davis, decided at this term, this Court said, that the appellant, if he wish to avail himself of the judgment of the County Court, ought to except to setting aside that judgment, and not go on to a trial in the Circuit Court.

The judgment of the County Court, however, was reversed for good reason, as it seems to me, and the judgment of the Circuit Court, seeming to be well sustained by the evidence given in the cause, is therefore affirmed.