### John Alsworth v. Eli Cordtz et al.

1. TRUST RESULTING: NOT RAISED IN VIOLATION OF LAW.—The son, by the direction and with the means, and for the benefit of the father, entered in his own name, land, which by law the father was forbidden to enter. *Held*, that no trust resulted to the father in the land: a court of equity will never raise such a trust in violation of law.

2. INFANT: RIGHTS OF: HOW AFFECTED BY ACQUIESCENCE IN A SALE OF HIS LAND.— If an infant stand by and permit his land to be sold by the father, without objection, and afterwards, when he attains his majority, approve the same by his conduct and declaration; a judgment subsequently rendered against him, will not bind the land so as to defeat in equity the title of the vendee of the father.

3. INFANCY.—Infancy is a personal privilege, and can only be set up by the party himself, and not by third persons to avoid contracts and set aside titles made by and claimed under him.

Alsworth v. Cordtz et al.

IN error to the chancery side of the Circuit Court of Madison county. Hon. E. G. Henry, judge and chancellor.

John Alsworth, the plaintiff in error, filed his bill in the court below, seeking to establish a resulting trust in John Briscoe, to certain lands, and to set aside a sale thereof, made by the sheriff of Madison county under an execution issued upon a judgment rendered against one Robert W. Briscoe. It appeared that John Briscoe, in 1834, sold a tract of land containing over three hundred acres to complainant, with general covenants of warranty. That a part of the land sold consisted of the forty acre tract now in controversy, which was entered by said Robert W. Briscoe in 1833; that this entry was made with the money and for the benefit of said John Briscoe by Robert W., who was his son, and about fifteen years old; that said Robert was cognizant of the sale to complainant, and made no objections thereto, and set up no title or claim to the land at that time, nor before or since. It also appeared that John Briscoe had entered as much land at private entry as he was entitled to under the Act of Congress, previous to the entry of this tract by his son Robert W., and that for this' reason the entry was made by Robert and in his name. No deed or conveyance had ever been made of the land by Robert W.

In 1838, a judgment was rendered against Robert W. Briscoe, and in 1843, an execution, emanating from it, was levied on the land, and it was sold thereunder, when defendant, Cordtz, became the purchaser for $2000; and he afterwards sold to Charlotte Vannoy, wife of —— Vannoy.

The deed from John Briscoe to complainant, was recorded in 1835. The land was wild and uncultivated, and no actual possession was taken of it by John Briscoe or complainant. The complainants, and the Briscoes, and the defendants, all lived in the same neighborhood where the land was situated, and the sale made by Briscoe to Alsworth, was notorious there.

The bill was filed against Cordtz, and Vannoy and wife, and Robert W. Briscoe's deposition was taken, in which he disclaimed all interest in the land. The court below dismissed the bill and complainant sued out this writ of error.

*F. Smith*, for plaintiff in error.

1. The record of the deed from J. Briscoe to complainant was notice to Cordtz and Vannoy and wife. How. & Hutch. Code, 343, 344, §§ 1, 3, 5; *Wiggins* v. *M'Gimpsey*, 13 S. & M. 539; *Philips* v. *Lane*, 4 How. 122-128.

2. The land being wild and uncultivated, the deed and purchase constituted possession in Alsworth. Angel on Lim. 82, 83, note (2); 8 Cranch, 229; 3 Condensed U. S. R. 106; 7 S. & M. 145, 148; 5 Peters, 448; *Glenn* v. *Thistle*, 1 Cushm. 52; 2 Ib. 277. See also, 1 Chit. Pl. 219; 2 Saund. R. 111, 112, and notes.

3. A trust resulted to J. Briscoe, by his son's purchase with his money. *Larvrisumi* v. *Corquette*, 3 Cushm. 177.

4. Vannoy and wife cannot set up to be *bona fide* purchasers for value—they have shown no deed, and have not proved that they paid value. This they should have done, or else the court will establish the trust. *Young* v. *Reacy*, 2 Atk. 284; *Evans* v. *Green*, 1 Cushm. 294; *Runnells* v. *Jackson*, 1 How. 358; *Harrisson* v. *Gardner*, 2 Maddox, Ch. R. 456.

5. The doctrine which protects *bona fide* purchasers does not extend to those who purchase a mere equity. *Walker* v. *Gilbert*, Freem. Ch. R. 94; *Wailes* v. *Cooper*, 2 Cushm. 229, 230.

6. Whether Cordtz had actual notice or not there was sufficient to put him on inquiry, and this is sufficient to defeat his claim. The sale to Alsworth was notorious in the neighborhood where all the parties lived. *Holmes* v. *Carnan*, Freem. Ch. R. 417, and authorities there cited. *Farmers' Bank* v. *Douglass*, 11 S. & M. 548.

7. Admitting that Robert's entry was a fraud on the law of Congress, then he got no title, and Cordtz, the purchaser at executor's sale, took no more than Robert had. Freem. Ch. R. 96; 4 Cushm. 40, 41; *Money* v. *Dorsey*, 7 S. & M. 22; and the title is still in the government, and cannot help the defendant. *Montgomery* v. *Ives*, 13 Ib. 175; 7 Ib. 366, 788. It is no such fraud as defendants can complain of. 18 Ire. R. 571; 13 S. & M. 97; 7 Ib. 464; 5 How. 673; 2 Cushm. 508.

*H. A. H. Lawson*, for defendant in error.

Equity will never raise a resulting trust in fraud of the right of the State or of the laws of the land. The purchase by Robert Briscoe was clearly a fraud. *Leggett* v. *Dubois*, 5 Paige, 114; 1 Leading Cases in Equity, 193, and authorities there cited; and if this trust were enforced, it would be in express violation of the laws of the United States. 4 Story's Laws of U. S. 2262. As the whole title of complainant is based upon this supposed resulting trust, his bill must be dismissed.

FISHER, J., delivered the opinion of the court.

This was a bill filed on the chancery side of the Circuit Court of Madison county, the object of which was to divest the legal title to a tract of land, purchased by the appellee, Cordtz, in 1843, under an execution against one Robert W. Briscoe, and to vest such title in the complainant, he claiming to have a complete equitable title.

The facts are briefly these: John Briscoe, in 1834, sold to the complainant a tract of land, containing over three hundred acres. A small portion of this tract, $40\frac{15}{100}$ acres, was entered in the name of Robert W. Briscoe, son of John Briscoe, in 1833, with the money of the latter. John Briscoe made a deed with general warranty to the complainant, and received from him the full amount of the purchase-money. It is further averred that the complainant immediately went into the possession of the said land; Robert Briscoe, the son, knew of the sale, treated the land as his father's, and never made at any time any objections to the sale. In 1838, a judgment was recorded against Robert W. Briscoe, under which the land was sold in 1843, and purchased by Cordtz, as above stated.

It is said that the land having been entered by the son, in his own name, with the money of his father, a trust resulted in favor of the latter. This is true as a general rule. But the father proves that it was his intention to make the entry in the son's name, inasmuch as he, the father, had already entered as many forty acre tracts in his own name as he was allowed to enter under the act of Congress. This disposes of the question as to the resulting trust. It is manifest that it did not exist.

But the complainant, on another ground, is entitled to relief. Ro-

bert W. Briscoe, stood by and saw his land sold, and his father receive the money from the purchaser without objecting to the sale, or making known his title. He must, therefore, be treated in the same manner as if he had made the sale and received the money himself.

It is however said, that he was then a minor, and could not bind himself any more by his silence than he could by his contract— grant it. We must presume that he had arrived at majority before the judgment was recorded against him, and that knowing of the sale, and approving the same before judgment, it would be treated as his own sale, made at the time it was consummated by his father. Under this view of the case, nothing remained in Robert W. Briscoe but the naked legal title to the land, at the date of the judgment; and the complainant's equitable title being then complete, and his possession notice to the world; his title ought to prevail over the legal title.

Decree reversed, and decree in this court for complainant.

A petition for a re-argument was filed, upon the ground, that it appeared that Robert M. Briscoe was an infant at the date of the rendition of the judgment against him. The court overruled the petition, holding, that if the fact were so, it could not affect the result, as infancy is a personal privilege, and cannot be set up by the defendant to defeat the title of the plaintiff in error.