## Chloe A. Hill *vs.* John S. Keyes.

An attachment of property is not dissolved by proceedings in insolvency against the debtor which are suspended before an assignment is executed.

If a judgment is erroneous by reason of a defective service of the writ upon the defendant, and also because the defendant was an infant who had no guardian, and no guardian *ad litem* was appointed, he upon coming of full age may execute a written release of errors, which will have the effect to confirm the judgment.

In an action against an officer to recover for his failure to apply on an execution the property which was attached on the writ, he cannot set up that the judgment was erroneous, if the judgment debtor has released the errors therein.

Tort against the late sheriff of Middlesex to recover damages for the failure of his deputy, Elijah Winship, to apply on an execution, issued upon a judgment recovered by the plaintiff against Newell F. Onion, the property which was attached on the writ. At the trial in the superior court, before *Morton,* J., without a jury, judgment was rendered for the plaintiff, upon facts and rulings which sufficiently appear in the opinion ; and the defendant alleged exceptions.

*C. R. Train & A. Hemenway,* for the defendant.

*J. Nickerson,* for the plaintiff.

Metcalf, J.   The court find no ground for the support of these exceptions.   The defendant's deputy, Winship, attached the property of Onion on a writ sued out against him by the plaintiff, (then named Chloe A. Farris,) and afterwards attached the same on two other writs, one sued out by Josiah Tisdale, and the other by James P. Bridge.   Proceedings in insolvency were soon after instituted against Onion, by some other or others of his creditors, which were nullified by this court.   *Farris* v. *Richardson,* 6 Allen, 118.   From the papers and records in the aforesaid insolvency proceedings, which are made part of this bill of exceptions, it appears that the judge of insolvency issued a warrant to said Winship, as messenger, directing him to take possession of Onion's property ; that no further proceedings against Onion were had by said judge, he having been prevented, by an injunction from this court, from proceeding further As no assignment of Onion's property was made by the judge

of insolvency, the attachments thereof were not dissolved ; Gen. Sts. *c.* 118, § 44 , and Winship continued to hold the attached property subject only to his duty and liability as attaching officer.

While the question was pending whether the proceedings in insolvency against Onion should be annulled, Winship was authorized by this court, on an agreement of the plaintiff and other creditors of Onion, to sell, at public or private sale, such part of Onion's property in his hands as deputy sheriff or mes- senger, as would be liable to depreciate in value, &c., and to hold the proceeds thereof " to await the final order of the court, to be ultimately applied according to law." He sold the prop- erty accordingly, and now holds the proceeds.

The plaintiff recovered judgment against Onion in her suit on which her attachment was made, took out execution thereon, and duly demanded of Winship, and also of the defendant, pay- ment thereof from the money received on the aforesaid sale. Since this action was commenced, Tisdale and Bridge, the two other attaching creditors of Onion, became nonsuit in their actions against him, on his having proved the defence of infancy ; and thereby their claims on the attached property were extin- guished.

On these facts, the court are of opinion that the plaintiff is entitled to so much of the money in Winship's hands — if there be so much — as will satisfy her execution against Onion. We see no other way in which the proceeds of the sale of his prop- erty are to be " applied according to law," but by applying them in payment of the plaintiff's execution.

It is objected in behalf of the defendant, that the plaintiff's judgment against Onion was erroneous, by reason of a defec- tive service of the writ upon him, and because, he being an in- fant, a guardian *ad litem* for him was not appointed. But he, since he came of age, has given to the plaintiff a release of errors in her suit against him. And the defendant can not sus- tain the objection that Onion was an infant when he became the plaintiff's debtor and might have defeated her action by set- ting up his infancy as a defence. He had a legal right to defeat

Tisdale's and Bridge's actions, on the ground of infancy, and to consent that the plaintiff might have judgment against him, his infancy notwithstanding. The privilege of an infant to avoid his contracts is personal, of which only he, his executors or administrators, and his privies in blood, can take advantage. Macpherson on Infants, 478. *Smith* v. *Mayo,* 9 Mass. 62. *Hoyle* v. *Stowe,* 2 Dev. & Bat. 322, 323. *Kendall* v. *Lawrence,* 22 Pick. 543.                                    *Exceptions overruled.*