# FIFTH DISTRICT, 1895.

---

### SIMKINS & SIMKINS v. O. O. SEARCY, GUARDIAN, ET AL.
#### No. 734.

1. **Deed of Infant, Disaffirmance of.**—The deed of a minor is not void, but only voidable; and in order to avoid it, some act of disaffirmance must be done within a reasonable time after the minor shall have arrived at maturity.

2. **Same—Reasonable Time—Question of Fact.**—No well defined rule of law has been fixed by which to determine what is a "reasonable time" within which the right to disaffirm may be exercised. It is a question of fact, rather than a question of law.

3. **Same—Action to Disaffirm Too Late, When.**—Where land was conveyed by a minor without guardian in settlement of legal services, which were worth the full value of the land conveyed, and the services were necessary for the preservation of the minor's rights, and the minor neither before nor after her majority, or at any time before her death, indicated any purpose to disaffirm such conveyance, and the same was not disaffirmed by her heirs before suit was brought, *Held*, that an action brought by her heirs more than five years after her minority terminated, more than four years after her death, and nearly nine years after the deed was made by her, was not begun within a reasonable time.

4. **Same—Disaffirmance Not Shown, When.**—A general conveyance by a surviving husband of his interest in his wife's lands in Texas will not be held to be a dis-

affirmance of a prior conveyance made by her during her minority, when the particular land which she had conveyed was not mentioned in the general conveyance made by him.

ON MOTION FOR REHEARING.

5. **Intervention on Behalf of Minor.**—Where an intervention is properly made for a minor for the protection of her rights, it could make no difference whether she became a defendant in the suit or held aloof from both plaintiff and defendant.

6. **Intervention on Behalf of Minor, Necessity of.**—Where a minor's muniments of title are directly attacked and are in imminent peril in a suit pending, it is necessary and proper that her interest should be protected by intervention.

7. **Attorney's Fees, Reasonableness of.**—Where the undisputed testimony shows that the suit involved the title to 758 acres of land, and was a difficult one to defend, stubbornly fought, and presented questions of law requiring much time and labor, an attorney's fee of $300 was reasonable.

8. **Findings of Fact, Correctness of Relied Upon, When.**—The appellate court has the right to rely upon a finding of fact which is made by the lower court, acquiesced in by both parties, and stated as such in their briefs.

9. **Disaffirmance by Deed.**—Disaffirmance by deed must be made with the intention to convey the particular tract originally sold.

APPEAL from Navarro. Tried below before Hon. RUFUS HARDY.

*R. L. Henry* and *W. S. Simkins,* for appellants.—1. The right to affirm a deed made by minor is the personal privilege of said minor, and can not be exercised by his heirs. Where he dies without disaffirming same, the title remains with the grantee. Berryman v. Shumaker, 67 Texas, 312; Bingham v. Barley, 55 Texas, 287.

2. The minor had no right to disaffirm the deed, having married and waited an unreasonable time. She had acquiesced in the conveyance, had married, and treated the deed as a finality; had died, and had never raised any objection to the conveyance. The presumption should be that by her conduct before death she had ratified the deed, and did not wish to disaffirm it. By her conduct, she estopped herself and all those claiming under her from ever asserting any title to the land that she had conveyed. Searcy v. Hunter, 67 Texas, 644; Bingham v. Barley, 55 Texas, 287; Abrams v. Williams, 54 Texas, 226; Hanner v. Summerhill, 72 Texas, 224; Cummings v. Powell, 9 Texas, 417; Stewart v. Baker, 64 Texas, 205; LaVeg v. Lergue, 64 Texas, 205; Thrall v. Wright, 38 Vt., 494.

*John D. Lee* and *H. L. Stone,* for appellees.—1. The deed of an infant is voidable. Within a reasonable time after coming of age, the infant, or those claiming under him, may avoid such deed, upon restoring the consideration if one has been paid. And what is a reasonable time is such a period as, in view of all the attending facts and circumstances, would rebut any presumption of an intention to disaffirm. Bingham v. Barley, 55 Texas, 281; Stuart v. Baker, 17 Texas, 421; Searcy v. Hunter, 81 Texas, 644; Tucker v. Moreland, 10 Pet., 58; Voglesang v. Null, 67 Texas, 465.

Contract may be avoided by the heirs of the minor. Veal v. Fortson, 57 Texas, 487; Tyler on Inf., 59; Person v. Chase, 37 Va., 647; Bogeman v. Browning, 31 Ark., 364; 1 Dev. on Deeds, sec. 87; Searcy v. Hunter, 81 Texas, 647.

2. In order to charge the estate of a minor for services voluntarily rendered such minor, it must affirmatively appear that such service was necessary to the proper preservation and care of such estate and beneficial thereto. This rule is quantum valebat, not quantum meruit. Searcy v. Hunter, 81 Texas, 644; Carpenter v. Pridgen, 40 Texas, 33; Parsons v. Keys, 43 Texas, 559; Bank v. Wales, 3 Texas Civ. App., 245; Askey v. Williams, 74 Texas, 294.

3. A minor can not become a party defendant to a suit through the voluntary appearance of one assuming to act as "next friend." And in such case the court acquires no jurisdiction over such minor. Wheeler v. Ahrenbeak, 54 Texas, 535; Kremer v. Haynie, 67 Texas, 450; Taylor v. Rowland, 26 Texas, 293.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought November 18, 1887, to recover of S. L. Hunter 125 acres of land in Navarro County. Appellants, Simkins & Simkins, intervened, as warrantors of 100 acres of the land, to protect the title of the land sold by them. By an amended petition, filed December 19, 1888, plaintiffs set up the following:

"That they claim said land by inheritance from Annie E. Blanks, formerly Annie E. Hollingsworth, who is now deceased, and who was the wife of plaintiff J. G. Blanks, and the sister of the plaintiffs Overton and Shelby Searcy, wards of O. O. Searcy, and they allege that said defendant Hunter claims 100 acres of said land from or through Simkins & Simkins, a firm of lawyers composed of E. J. Simkins and W. S. Simkins; and plaintiffs would show to the court that on, to wit, the 9th day of April, 1878, and while their deceased relative, the said Annie E. Hollingsworth, was a minor about 15 or 16 years of age, and without legal guardian, the said Simkins & Simkins, without consideration to her, induced her to seize and deliver to them a deed to 100 acres of land, a part of the same here sued for, and now claimed by said Hunter. * * *

"That the pretended consideration in the deed from the said Annie E. Hollingsworth to said Simkins & Simkins was a claim for professional services by said Simkins & Simkins, in a suit in which the Haggerty heirs were plaintiffs, and S. P. Hollingsworth et al. were defendants. That the subject matter of the suit was the trial of the title to the Jefferson Haggerty survey, in said Navarro County. That the said Annie E. Hollingsworth, who owned 757 acres of the land, and who claimed the same by conveyances from the said S. P. Hollingsworth, and by inheritance from her deceased father, B. P. Hollingsworth, was not made a party to said suit, and was not a necessary party to said suit, as the said S. P. Hollingsworth was answering and

defending the title to the whole of said survey, but the said Simkins & Simkins induced, by their advice, O. O. Searcy to intervene in said suit, as next friend for the said Annie E. Hollingsworth, and to set up her title, and there had him appointed as guardian ad litem for the said Annie—all of which was ill-advised and unnecessary, and for their services in this behalf they charged the said Annie the sum of —— dollars, and induced her, while a minor, as aforesaid, to sign and deliver to them the deed above mentioned * * * to 100 acres, more or less, which is a part of the land here sued for. Plaintiffs allege, that said deed was without consideration and not binding on the said Annie E. Hollingsworth; but in case the court should find otherwise, then they hereby offer to pay into court, on the final trial, such sum, with interest, as the court may determine the services of said Simkins & Simkins were reasonably worth in said suit.

"That said deed, from the fact that it was made and delivered while the said Annie was a minor, as aforesaid, is and was not binding on her, nor is it binding on these plaintiffs, who are privies in blood and estate with the said Annie. Plaintiffs would show that the said Annie, on to wit, the —— day of October, 1882, intermarried with plaintiff J. G. Blanks, and on to wit, the —— day of July, 1883, she departed this life, leaving surviving her, her said husband, J. G. Blanks, but no children, also her mother, Mrs. —— Searcy, wife of O. O. Searcy, and her sister, Overton Searcy, and brother, Shelby Searcy. That the said Mrs. —— Searcy departed this life on to wit, the —— day of December, 1883, leaving surviving her, her husband, O. O. Searcy, and her two minor children, Overton and Shelby Searcy.

"That on to wit, the 20th day of January, 1885, the said J. G. Blanks conveyed to the said Overton Searcy all his interest as an heir at law of his said deceased wife, the said Annie, in and to the land here sued for, reserving the full control and management of same while the said Overton Searcy is a minor.

Plaintiffs prayed for a cancellation of the deed from Annie E. Hollingsworth to Simkins & Simkins, and for the recovery of the land. Upon the last trial below judgment was rendered for plaintiffs for the recovery of the 25 acres tract and an undivided half of the 100 acres tract of land; against Simkins & Simkins for two-thirds of the costs, and against defendant Hunter for all costs; from which judgment Simkins & Simkins have appealed.

This is the second appeal, the first being reported in the case of Searcy v. Hunter, 81 Texas, 644, where the questions involved are fully and ably discussed. There was no statement of facts before the court on that appeal.

From the record as it now appears before us, we arrive at the following conclusions from the evidence:

That prior to 1878 Simkins & Simkins, as attorneys at law, were defending a suit brought by the Haggerty heirs for the recovery of a large tract of land known as the Haggerty survey, in Navarro County,

which was claimed by different parties. Pending the suit, they were employed by O. O. Searcy to represent his stepdaughter, Annie E. Hollingsworth, in the suit, and to protect her interest. At the March Term, 1878, said attorneys under such employment obtained leave of court and filed a plea of intervention for Annie E. Hollingsworth, who was a minor, and who appeared by her next friend, O. O. Searcy, and the case finally terminated successfully for the intervenor—the land claimed by her (about 757 acres) being set apart to her by metes and bounds. It was necessary and proper that Annie E. Hollingsworth should be represented in the suit for the protection of her property, and the services of Simkins & Simkins to her in the case were reasonably worth $300, which was the fee fixed by them, and they gave her the option of paying that much in money or 100 acres of the land. Annie had no money and no other assets, except the land. The matter was referred to her uncle, S. P. Hollingsworth, who was an experienced land lawyer, and under his advice and that of her mother and stepfather, O. O. Searcy, she executed to Simkins & Simkins a deed for 100 acres of the land in December (13th), 1878, the same being witnessed by her mother, Annie Searcy, and O. O. Searcy. The land was not worth more than $300 at that time, and according to the conclusions of the court below, which are concurred in by appellees, and said land was sold by Simkins & Simkins for that sum to Hunter by warranty deed, in 1881. At the time the deed was executed by Annie E. Hollingsworth to Simkins & Simkins she was about 16 years of age. She was married to J. G. Blanks in 1882, and died, without children, in July, 1883, and her heirs were her husband, J. G. Blanks, her mother, Mrs. Searcy (wife of O. O. Searcy), and her half-brother and sister, Overton and Shelby Searcy. Mrs. Searcy died in December, 1883, about five months after her daughter, leaving surviving her as her only heirs her husband, O. O. Searcy, and her two minor children, Overton and Shelby, who are still minors.

J. G. Blanks, in January, 1885, conveyed in general terms all of his interest in his wife's real estate to Overton Searcy; but such deed was not a disaffirmance of the deed made by Annie E. Hollingsworth to Simkins & Simkins, and had no reference to it. After the purchase of the land by Hunter he went upon it and improved it, and included in his inclosure 25 acres more than was embraced in his deed.

After the execution of the deed by Annie E. Hollingsworth to Simkins & Simkins, the latter continued to act as agents and attorneys for the owners of the remainder of the tract, and had frequent correspondence with them. After the marriage of Annie E. Hollingsworth to J. G. Blanks, in October, 1882, there was never any act of disaffirmance on the part of herself or her husband of the deed to Simkins & Simkins, and after her death there was never any act of disaffirmance by her heirs until this suit was brought, which was more than five years after the minority of Annie E. Hollingsworth had terminated in her marriage, and more than four years after her death, and nearly

nine years after the deed was made. In the meantime the land had been improved by the vendee of Simkins & Simkins, and had become valuable. The attempted disaffirmance was not within a reasonable time.

*Opinion.*—The first question which presents itself for our consideration is this: Was the disaffirmance of the deed from Annie E. Hollingsworth to Simkins & Simkins made within a reasonable time?

It is well settled that the deed of a minor is not void, but only voidable; and that in order to avoid it, some act of disaffirmance must be done within a reasonable time after the minor shall have arrived at maturity.

What is a "reasonable time" is not always easy to determine, and the courts have not been able to lay down any well defined rule of law fixing it, but have left each case to be determined according to the facts and circumstances surrounding it. In other words, it has been held to be a question of fact rather than a question of law. The learned court below in its tenth conclusion of fact finds the following: "After the marriage of Annie E. Hollingsworth, she never by act or declaration ratified the deed to Simkins & Simkins. Neither did Mrs. Searcy after the death of Annie; and following the intimation of the Supreme Court on a former appeal, this court finds, that the disaffirmance by the suit in this case is within a reasonable time under all the circumstances as to the interest inherited by plaintiffs Overton and Shelby Searcy, from their sister Annie, and also from their mother."

It was not necessary that the deed be ratified after the minor attained majority; the deed was only voidable, and unless disaffirmed within a reasonable time, was valid. Tunison v. Chamberlin, 88 Ill., 378.

We do not find any such intimation in the opinion of the Supreme Court on the former appeal as would lead to the conclusion that the attempted disaffirmance by the suit in this case is within a reasonable time. On the contrary, it is expressly stated in the opinion that there is no statement of facts in the record. The court (Judge Gaines delivering the opinion) says: "An infant's deed is voidable, not void; and it is well settled in this State, that in order to avoid it, he must disaffirm it within a reasonable time after attaining majority. Kilgore v. Jordan, 17 Texas, 341; Stewart v. Baker, 17 Texas, 421; Bingham v. Barley, 55 Texas, 281. As to what is a reasonable time, there is an irreconcilable conflict in the authorities. The case last cited recognizes the rule, that when mere lapse of time is relied upon to defeat the right of avoiding the deed, it must be such as under all the circumstances will rebut any presumption of any intended disaffirmance. Without passing upon the correctness of the rule thus laid down, we are of opinion that there does not appear in the judge's findings of fact such circumstances as justified the court in holding *as a matter of law* that the mother of appellants at her death was barred of her right to

avoid the deed.    We think the question of reasonable time one of fact
to be found by the court as such, or in case of trial by the jury, by the
jury under proper instructions from the court." Searcy v. Hunter,
81 Texas, 646.

There was no statement of facts, and the court below had not found
*as a fact* whether the time was or was not a reasonable one within
which to disaffirm.  As we understand that opinion, the court intended
to lay down the rule (and did so plainly), that the question of reason-
able time is one of fact, and not one of law; and because the court had
not found upon it as a fact, and the case seemed to admit of fuller
development, it was reversed.    The learned counsel in their presenta-
tion of the case have drawn many fine distinctions upon the question
as to how far the right of disaffirmance extends.    Any positive act of
affirmance on the part of the minor or his legal representative would
of course settle the question; but if there be no act of *disaffirmance*
within a reasonable time, it is likewise settled.    It is not necessary, in
this case, for us to determine as a matter of law how far down the line
of descent the right of disaffirmance would extend.    It has been held
by the Supreme Court of Illinois, that the heirs of an infant may dis-
affirm his deed within the same time that the infant might himself, if
living.    Land and Loan Co. v. Bonner, 75 Ill., 315.    See also Long v.
Williams, 74 Ind., 115; Kline v. Beebe, 6 Conn., 494; Hastings v.
Dollarhide, 24 Cal., 195.

The minor was legally of age after she married in October, 1882.    Her
mother was of lawful age when Annie died, in July, 1883.    The mother
died in December, 1883.    This suit was not brought until November
18, 1887.    During all of those year Simkins & Simkins were acting as
agents for some, if not all the parties, and were in correspondence with
them, and they knew of the deed, and there was no act or word of dis-
affirmance covering a period of more than five years after the marriage,
and consequent lawful age, of Annie.    The old rule was, that the right
to disaffirm is a personal privilege, to be exercised only by the minor
herself.    Later authorities have extended it to legal representatives, ex-
ecutors, or administrator of the minor; but we know of no authority for
extending the time for a disaffirmance beyond what would be a reason-
able time after the minor reached majority because a portion of the
direct or remote heirs of the minor should themselves happen to be
minors or married women.    Such a doctrine might extend the time in-
definitely.    Mr. Tyler says:  "The privilege conferred by law upon
infancy is a personal privilege, and it is declared by Bingham, and
other elementary writers, that no can take advantage of the relation
but the infant himself, and such at least is the language of the earlier
authorities upon the subject.  Bing. on Inf., 49; Kean v. Boycott, 2 H.
Bl. R., 511; Van Bramer v. Cooper, 2 Johns., 279; Jackson v. Todd, 6
Id., 257; Slocum v. Cooper, 13 Barb., 536; Alsworth v. Cordtz, 31 Miss.,
32; Oliver v. Horedet, 13 Mass., 237.    It is more accurate to say, how-
ever, that as a general rule no one but the infant himself, or his legal

representatives, executors, and administrators can avoid the voidable acts, deeds, and contracts of an infant, for, while living, he ought to be exclusive judge of the propriety of the exercise of a personal privilege intended for his benefit; and, when dead, they alone should interfere who legally represent him. 2 Kent's Com., 237; Smith v. Mayo, 9 Mass., 62; Hussey v. Jewett, Id., 100; Martin v. Mayo, 10 Id., 137; Jackson v. Mayo, 11 Id., 147; Parsons v. Hill, 8 Mo., 135; Jefford v. Ringold, 6 Ala., 544. The rule would extend to privies in blood of the infant, but not to his assignees or privies in estate only. Bac. Abr., Infancy, 6; Hoyle v. Stowe, 2 Dev. & B. (N. C.), 323; Austin v. Charlston, 8 Metc., 196; Breckenridge's Heirs v. Ormsby, 1 J. J. Marsh. (Ky.), 236."

How far this rule as laid down by the elementary authorities will extend in this State, it is not necessary for us to determine.

This question was before us in the case of Hieatt v. Dixon, 26 Southwestern Reporter, 263, and after thorough investigation in that case, we said: "The learned court below suggests the shortest period of limitation (five years) which might be applicable to the case as furnishing a fair test of reasonable time. Such is not the law. In the case of Bingham v. Barley, 55 Texas, 288, our Supreme Court says: 'Shorter periods of limitation are more needful to the welfare of the people than in other countries of slower growth. To apply the statute, as the limit of time upon the minor's right, on coming of age, to avoid his deed, would unsettle titles, stimulate cupidity, and work only mischief. * * * The silence or nonclaim of the minor for a considerable length of time, though less than the period of limitation for the recovery of lands, may as effectually prove his affirmance or ratification, in connection with the circumstances of the case, as his express acts or declarations to that effect. * * * Story lays down the rule as extracted from the authorities, that whenever the infant continues, after coming of full age, to occupy a position which is only explicable upon the supposition that he intends to stand by his contract, it will be considered as a ratification of an executed contract.' Tyler on Inf., sec. 41; Story on Con., sec. 72. See also Craig v. Van Bebber, 13 Southwestern Reporter, 906 (18 American State Reports, 675), with copious notes and citations of authority, for a full discussion of the subject. In the case of Furgerson v. Railway, 73 Texas, 344, after two years was held not to be a reasonable time for the minor to bring suit. In the case of Askey v. Williams, 74 Texas, 294, but little over one year had elapsed. Each case must rest upon its own merits as to what is a reasonable time."

In some of the States there has been much controversy as to the time in which an infant feme covert shall be required to disaffirm, the decisions generally going off upon the idea that the statute of limitation furnishes a correct basis as to what is a reasonable time, and the statute does not run against her either during infancy or coverture. But in this State a different rule prevails. In the first place, it is held that the statute of limitation does not furnish a correct basis. In

the second place, if it did, disabilities can not be tacked, and where the right accrued during infancy, to a feme sole, upon marriage by the infant, she became of lawful age, and the statute of limitation then began to run against her. Rev. Stats., art. 3225; Jackson v. Houston, 84 Texas, 626; Keil v. Healy, 84 Ill., 105.

The rule as to coverture, in this State, has been clearly stated by Judge Gaines upon the former appeal of this case, as follows: "The authorities at common law seem to be that a married woman will not be barred of the right of disaffirming a deed made during infancy at any time during her coverture. We think, however, that rule should not apply in this State. It is true, she can not here disaffirm by deed without consent of her husband, but she can disaffirm by suit without his concurrence. Still, we think that coverture is a circumstance to be considered in determining, as a question *of fact*, whether the disaffirmance has been attempted within a reasonable time or not." 81 Texas, 647.

To us, the case presented by the record shows, (1) legal services rendered the minor to the full value of the land conveyed; (2) that these services were necessary to the preservation of the minor's rights, and resulted in securing her title to a large and valuable property; (3) that neither during her minority, or after her majority, did she ever show any disposition or indicate any purpose to disaffirm the deed, nor did her heirs or legal representatives indicate such purpose until this suit was brought; (4) that this suit was instituted more than five years after the minor became of lawful age, by her marriage; nearly nine years after the execution of the deed, and after the property had been improved and increased in value, from outlands of little worth, to a valuable farm. Under such facts, we conclude that the suit by the heirs was not a disaffirmance within a reasonable time.

The deed by J. G. Blanks to Overton Searcy, in general terms, for his interest in the estate of his deceased wife, did not embrace the 100 acres of land previously sold by her to Simkins & Simkins, and could not be considered a disaffirmance by deed for that interest.

It is claimed by the appellees, that the defendant Hunter not having appealed from the judgment below, but being an appellee in this appeal, that appellants, Simkins & Simkins, the warrantors, have no right to contest the question of disaffirmance or of title, but that the vendee, Hunter, not complaining of the judgment, appellants can not be heard to complain.

It is provided by statute, that a warrantor may make himself a party to a suit and defend the title as if he was the original defendant. Rev. Stats., art. 4788; Brown v. Herron, 66 Texas, 63.

The original defendant may be very well satisfied to allow a recovery against him of the land in the expectation of being afterwards made whole by a suit against his warrantor for his purchase money and interest from the date of his purchase, which may often exceed the value of the land. In this case the judgment of the court below

is against Hunter for the recovery of the twenty-five acres surplus, and for one-half the tract sold by Annie E. Hollingsworth to Simkins & Simkins.    There is nothing in it which would protect the latter on their warranty.

.For the errors mentioned, the judgment is reversed, and here rendered, so that plaintiffs' recovery against defendant Hunter shall be only for the twenty-five acres of land described in the judgment below, and settling the boundary, with all costs of the court below; that plaintiffs take nothing by their suit as against Simkins & Simkins, or their vendee of the 100 acres tract of land, and that appellants recover all their costs in this court and the court below.

*Reversed and rendered.*

Delivered April 3, 1895.

ON MOTION FOR REHEARING.

LIGHTFOOT, CHIEF JUSTICE.—1.  Appellees' counsel, in the motion for rehearing, lays much stress on the fact that Annie E. Hollingsworth, who appeared in the suit of Haggerty v. Hollingsworth, by next friend, O. O. Searcy, by intervention filed by appellants, was made a party *defendant.*  If the intervention was properly made for the protection of her rights in the land, it could make no difference whether she became a defendant, or held aloof from both plaintiff and defendant.  In the case of Ivey v. Harrell, 1 Texas Civil Appeals, 230, Judge Williams wisely said:  "The fact that the proceeding was an intervention could not affect the question, for intervenors may occupy the position of either plaintiffs or defendants, and all the elements of a cause of action or ground of defense may be contained in such pleading.

2.  Appellees contend, in the second ground of their motion for rehearing, that this court erred in finding that "it was necessary and proper that Annie E. Hollingsworth should be represented in the suit (of Haggerty v. Hollingsworth) for the protection of her property, and the services of Simkins & Simkins in the case were reasonably worth $300."

The evidence shows, that the land was patented to the heirs of Jefferson Haggerty, June 2, 1855.    The Haggerty heirs brought suit August 31, 1877, to remove cloud from their title.    It was claimed by the Hollingsworths that they had obtained title to the certificate about 1843 or 1845, under an administrator's sale.    Appellants were employed to defend the suit.    O. O. Searcy, as next friend of Annie E. Hollingsworth, also employed them to look after her interest in the suit, as she owned 758 acres of the land.    E. J. Simkins testified (without dispute), that the suit was a difficult one to defend, and was stubbornly fought.    It presented several difficult questions of law, which required much time and labor.    That the original conveyance of the certificate being made by the administrator and administratrix

of Haggerty in 1845, without an order of the court, and there being no confirmation of the, sale, and the sale being under the law of 1843, the certificate was valued on the day of the sale; and the certificate being issued to the heirs, the right of the administrators to sell it at all was denied; and lastly, the sale of a league and labor of land for $116 was claimed to be a fraud. A cancellation of the original transfer of the certificate under which the title of Annie E. Hollingsworth rested would have practically destroyed her title. Her muniments of title were directly attacked, and, under this undisputed evidence, were in imminent peril. Was it prudent for her friends to sit idly by, because she had not been made a party to the original suit, and run the risk of its being defeated, and then be compelled to fight single-handed against the victorious plaintiff? We think the facts show that it was necessary and proper that her interests should be represented, as was done, properly and successfully. Appellant further showed, that no partition of the interest of B. P. Hollingsworth (father of Annie E.) had ever been put of record until "during the October Term, and a few days before trial Simkins & Simkins received a letter from S. P. Hollingsworth, for whom they had prepared an answer, that he had no interest in the land, and sent a deed of partition for record, conveying to S. P. Hollingsworth 758 acres."

In the judgment obtained in the case the interest of Annie E. Hollingsworth was set apart to her in severalty, thereby not only clearing up her title, but giving her a perfect record title which she never had before.

E. J. Simkins testified, that "$300 was a reasonable fee for the services rendered." This testimony was not disputed. The only testimony which could be said to tend in that direction was shown by the letter of S. P. Hollingsworth to appellants, in which he states, "that the fee they proposed to charge Annie Hollingsworth was rather steep." The land was shown to be worth about $2 per acre. They had first proposed to take $300, or 150 acres of land. They finally settled by taking 100 acres of the land.

3. Appellees in the third ground of their motion say: "The court erred in finding as a fact from the record, that 'under the advice of S. P. Hollingsworth, the uncle, and that of her mother and stepfather, O. O. Searcy, she, Annie E., executed to Simkins & Simkins a deed for 100 acres of the land.' The record is absolutely without a syllable from any one that such advice was given by any one of the three mentioned."

It seems that appellees' counsel has not carefully examined the record. E. J. Simkins testified, that they were originally employed by O. O. Searcy, who acted as next friend. He says: "Before the trial of the case, Simkins & Simkins wrote to S. P. Hollingsworth demanding that their fee be secured for services rendered to the minor Annie E. Hollingsworth, and also his own interest in the suit. That said Hollingsworth was an old land lawyer. That they stated their fee to

be 150 acres of land, or $300.   *   *   *   After the suit Simkins & Simkins reduced their fee to 100 acres.   That said minor had no other way of paying, except by conveying the land; that she had no means outside of the land.   That the usual fee charged at that time for defending wild land was one-third or one-half of the amount of the recovery. *   *   *   That in arranging the fee, Simkins & Simkins were referred by said minor to her uncle, S. P. Hollingsworth, to arrange it, and it was agreed that the fee should be 100 acres of land, and a deed was made in accordance with said agreement; the said deed being witnessed by her mother, Annie Searcy, and O. O. Searcy, her stepfather, plaintiff in this suit."

O. O. Searcy testified:   "After the suit was over, Simkins & Simkins wrote to me they had gained the case, and that their fee was $300, or 100 acres of land, and sent me a deed for Annie Hollingsworth to sign and return to them.   Annie signed the deed, and myself and wife witnessed it.   I live in Bell County.   Our correspondence lasted about one year.   There were several letters written—one or two by my wife, and three or four by myself.   I started this litigation.   I was attending to the matter, and in fact all the business of Annie Hollingsworth."

4.  Appellees claim the court erred in finding as a fact that the land in controversy was sold by Simkins & Simkins to Hunter in 1881, and that the latter improved it.   (1)  The court below in its twelfth finding of fact says:   "Simkins & Simkins sold the land to Hunter in 1881 for $300, by warranty deed."   This finding is copied by appellees in their brief (page 4), and is set out therein and relied upon as a fact, and not controverted, but is again referred to therein and relied upon as a fact on pages 7, 9, and 10 of their brief.   Substantially the same statement is made in appellants' brief, and being found by the court below and acquiesced in as a fact by both parties, this court had the right to rely upon it as such.   See Rule 41.

H. L. Stone testified:   "Defendant Hunter is in possession of the land sued for, having fenced same, I think, in the spring of 1887.   Is worth as rent from 50 cents to $1 per acre per annum.   The only improvements on it up to two years ago was the fence above spoken of."   But even if the title stands as claimed in appellees' motion for rehearing, i. e., if Simkins & Simkins sold and warranted to Slay, and he to Hunter, Simkins & Simkins would still be liable on their warranty, and would have the right to defend as warrantors.

5.  It is claimed by appellees that our conclusions of fact, in finding that the deed from J. G. Blanks to Overton Searcy, made in January, 1885, was not a disaffirmance of the deed made by Annie E. Hollingsworth to Simkins & Simkins, is in conflict with the opinion of the Supreme Court on the former appeal, 81 Texas, 646.   An examination of the report of that case will show that the Supreme Court did not pretend to pass upon the facts; but it is expressly stated in the beginning of the opinion, that "there is no statement of fact filed in the

record." From the conclusions of the judge below, it appears in that record, that *"Blanks conveyed his interest in the land to appellant, Overton Searcy."* Upon these facts as found in that record, the court says (81 Texas, 647): "Appellee also maintains that the appellant, Overton Searcy, should not have recovered as grantee of J. G. Blanks, the surviving husband of the grantor in the deed sought to be avoided. But we understand the law to be that a conveyance by the grantor or his heirs is one mode of disaffirming the deed of an infant." If the facts in this case, as it is now presented to us, established that Blanks conveyed his interest in the land in controversy to Overton Searcy, as it appeared to the Supreme Court on that appeal, we would feel constrained to hold, in deference to that opinion, that such a deed was a disaffirmance, in so far as that interest was concerned. But on this appeal we have before us a statement of facts, and also the conclusions of the court below, showing that the deed from Blanks to Searcy was only a general conveyance of his interests in the lands of his wife's estates in Texas, without attempting to convey this particular tract of land, or any part of it. In the eighth conclusion of the court below he says:·

"J. G. Blanks, in January, 1885, conveyed his interest in his deceased wife's real estate to Overton Searcy. This conveyance was in general terms, and the court does not think amounts to a disaffirmance of the deed to Simkins & Simkins; and further, from a letter introduced on this trial, written by J. G. Blanks to Simkins & Simkins in 1884, the court finds that he had tacitly ratified the deed to Simkins & Simkins, so far as he was concerned; and further, under all the circumstances, the court is of opinion, as stated in former conclusions, which seem to have been missapprehended by the higher court, that even if the deed from Blanks to Overton Searcy was a disaffirmance, it was not within a reasonable time."

It is clear to us that a deed from Blanks to Searcy, not of this particular land, and not making any mention whatever of this land, but simply a general deed of such land as he may have inherited from his wife, would not be inconsistent with the original deed from Annie E. Hollingsworth to Simkins & Simkins, and both conveyances could consistently stand together. A disaffirmance by deed must be made with the intention to convey the particular tract originally sold. In Tylor on Infancy, section 31, the doctrine is clearly settled, that in order to constitute a disaffirmance, the second deed must be so inconsistent with the first that both can not stand. See also Id., secs. 32, 33, and authorities their cited; Ins. Co. v. Lent, 6 Paige, 635; Palmer v. Miller, 25 Barb., 399.

6. It is claimed that our conclusions of fact are not supported, in holding that when this suit was brought the land had been improved by the vendee of Simkins & Simkins, and had become valuable, and appellees say the record "is silent as to any increase in the value of the land." The evidence is not disputed that this was wild, unim-

proved land, and was worth only $2 per acre at the time of the deed from Annie E. to Simkins & Simkins. Tr., 19. They afterwards sold it on time at $3 per acre. H. L. Stone testified on the trial, that "defendant Hunter is in possession of the land sued for, having fenced the same, I think, in the spring of 1887. It is worth as rent from 50 cents to $1 per acre per annum."

Wild land worth only two or three dollars per acre, which has been improved so as to bring 50 cents or $1 per acre per annum rents, has certainly increased in value. But the extent of increase in value, or whether it increased at all, is not important under the issues in this case.

7. The remaining points raised upon the questions of law discussed in our original opinion we do not deem it necessary to discuss further. We have noticed the above points at unusual length, for the reason that the learned counsel for appellees, in his very earnest and lengthy motion for rehearing, urgently insists that some of our findings of fact are "without a syllable of testimony" to support them; and although the task has been laborious, we have pointed out the testimony upon which we based such conclusions.

The motion for rehearing is overruled.

*Overruled.*

Delivered May 8, 1895.