MacDONALD et al. v. GRONEMAN et al.

No. 5943.

Court of Civil Appeals of Texas. Texarkana.

May 21, 1942.

Rehearing Denied June 11, 1942.

Graves & Collins, of Fort Worth, and John W. Ford, of Kilgore, for appellant.

Harrington & Harrington, of Longview, for appellees.

HALL, Justice.

This cause was originally instituted, February 11, 1941, by thirteen of the Reese heirs, Walter Barnett and appellees J. E. Beavers and H. H. Groneman, against appellants H. D. MacDonald, T. W. Reese, also a Reese heir, and other persons not necessary to mention, for cancellation of a certain sales contract, hereafter more fully described, and for title and possession of the oil and gas leasehold to a certain lot in the town of Hawkins in Wood County, Texas. The cause upon which appellees Groneman and Beavers went to trial was one in trespass to try title to the 7/8 oil and gas leasehold interest in said lot, and for removal of cloud from title cast by the contract of sale and was against only appellants H. D. MacDonald and T. W. Reese. Appellants answered by general and special demurrers, general denial and plea of not guilty. Before the actual trial began, the thirteen Reese heirs appearing in the original suit as plaintiffs were dropped, leaving only Beavers and Groneman as plaintiffs. Trial was to the court without a jury and resulted in a judgment for appellant Groneman for title to 27/28 of the 7/8 oil and gas leasehold estate, and for appellant MacDonald for 1/28 of the said 7/8 leasehold estate in said lot.

The following facts are undisputed: L. H. Reese, deceased, was married twice and both wives are also deceased. To these marriages were born fourteen children, who were living at the date of the trial and are by inheritance owners of the lot in controversy. All these children in December, 1940, executed and delivered to appellant MacDonald an instrument denominated a "sale contract" and "power of attorney", hereinafter referred to as "contract," the pertinent parts of which are:

"Know All Men by These Presents:

"That the undersigned, do make, constitute and appoint H. D. MacDonald our true and lawful attorney for us and in our names, places and stead to enter upon and take possession of certain tract or tracts, parcel or parcels of land, that may be or is adjoining the L. G. Robbins, S. E. Cochrane and Mayfield Company tracts in the Geo. Brewer Survey, or any other tract or tracts not now affected by contracts as of this date, located in the Geo. Brewer Survey, in Wood County, Texas. For and in consideration of the services rendered for us by the said H. D. MacDonald, and the further services to be rendered herein by him for us, we hereby agree and obligate ourselves to give and allow him, as his compensation therefor, the Oil and Gas Lease, Texas Producers Form No. 88, and also, one-half (½) of the Royalty in and to said tract or tracts. It is understood

and agreed that the said H. D. MacDonald agrees to pay, for the conveyance and/or conveyances above stated, all costs incident to perfecting title, pay all surveying fees, and all legal fees, that may be necessary in perfecting title to the aforementioned tract or tracts. As further consideration for said lease and/or leases and Royalty conveyance and/or conveyances the said H. D. MacDonald agrees to pay the sum of $3,500.00 for each and every tract and/or tracts found and located and upon which legal title is perfected, also, he agrees to pay all expenses incident to obtaining permit and/or permits on said tract and/or tracts of land, from the Railroad Commission of Texas, said sum and/or sums as aforesaid to be paid upon perfecting a legal title and upon the granting of the permits to drill by the Railroad Commission of Texas, also, the said H. D. MacDonald agrees to commence drilling on each parcel, tract and/or tracts within ten (10) days after the granting of the permit by the said Railroad Commission of Texas.

"It is fully understood and agreed by and between the parties hereto that this contract is a contract coupled with an interest, and that the same is irrevocable by any party or parties hereto."

This contract was filed for record on January 7, 1941. On January 4, 1941, thirteen of the fourteen Reese heirs executed and delivered to appellee Beavers an oil and gas lease on the lot in controversy. This lease was recorded forthwith. Later, January 27, 1941, Beavers assigned this lease to appellee Groneman. On April 2 and 11, 1941, all fourteen of the Reese heirs executed and delivered to appellant MacDonald an oil and gas lease on the lot in controversy. Thus we have both appellants and appellees holding oil and gas leases to the same lot; that to Beavers signed by thirteen Reese heirs, and that to MacDonald signed by all fourteen Reese heirs. Both appellants and appellees, under the court's findings of fact, paid value for their respective leases.

Appellants' first and second points are:

"Point 1. The error in refusing to render judgment in favor of H. D. MacDonald.

"Point 2. The error in rendering judgment in favor of Groneman."

In so far as this appeal is concerned, MacDonald, appellant, and Groneman, appellee, are the only parties at interest and they will be referred to hereafter in the singular.

Appellant in his brief states: "It is the contention of MacDonald that his contract with the Reese heirs was prior in point of time, and that if Beavers acquired any rights whatever (which fact is denied and not admitted) such rights are secondary and inferior to the rights of MacDonald by reason of the fact that Beavers and those claiming with and through him had actual knowledge and ample constructive knowledge of the rights of MacDonald before they acquired any interest in the subject matter of this controversy and that by reason thereof the leases to MacDonald dated April 2, 1941, were and are valid subsisting leases and superior to any rights (if any) acquired by Beavers or Groneman."

■ And that the lease under which appellee holds is nothing more than a contract for the reason that "the consideration was contingent upon the happening of a future event and was dependent solely upon the title being approved by the purchaser." To our minds, the testimony is conclusive that both Beavers, lessee, and Groneman, his assignee, had actual knowledge of the existence of the contract of December, 1940, between appellant and the Reese heirs. Unquestionably, then, Beavers' lease is subject to the terms of the prior contract between the Reese heirs and MacDonald and the rights, if any, flowing therefrom to MacDonald. So if the contract is a binding and enforceable one, alike as to all parties to it, Beavers' lease of January 4, 1941, and the assignment from him to Groneman of January 27, 1941, must fail. There is no contention here that the doctrine of innocent purchaser for value is available to either Beavers or Groneman. But it is the contention of appellee that the contract between appellant and the Reese heirs is unenforceable, (1) because it is barratrous in nature, MacDonald not being a licensed attorney; (2) because "said contract is not sufficiently definite in its description of the oil and gas leasehold estate to be granted, and not sufficiently definite, in its description of the tracts of land to be covered to be specifically enforced, and therefore passed no title"; and (3) because six of the parties to the contract were married women, and the property involved being their separate property, they were not bound by its terms. These contentions by appellee were concurred in by the trial court as shown by conclusions of law Nos. 6, 7, 8 and 9 as follows:

"6. I conclude as a matter of law that the power of attorney to H. D. MacDonald conveyed no present interest in the oil and gas leasehold estate.

"7. I conclude as a matter of law that the power of attorney to H. D. MacDonald did not sufficiently describe the estate to be conveyed to be specifically enforceable against the parties executing it.

"8. I conclude as a matter of law that the power of attorney to H. D. MacDonald would not be binding against the separate estate of the six married women who executed it.

"9. I conclude as a matter of law that the power of attorney to H. D. MacDonald comes under the barratry statutes of this State, and as such is not enforceable."

The judgment of the trial court followed these conclusions.

■ Based upon the terms of the contract and the actions of the thirteen Reese heirs in respect thereto in giving to Beavers the oil and gas lease of January 4, 1941, we are of the opinion that the above conclusion of law No. 7 reached by the trial court is correct. In the view we take of this appeal, it is not necessary to pass upon the correctness of the other conclusions. As part of the consideration for the services performed and to be performed by MacDonald, the Reese heirs in the contract agree "to give and allow him, * * * the oil and gas lease, Texas Producers Form No. 88, * * *" for which MacDonald agrees to pay to them a further consideration of $3,500 for said oil and gas lease and half the royalty on each tract the title to which is cleared by him. In holding a very similar contract provision to this unenforceable as being inhibited by the statute of frauds, the Commission of Appeals in the case of Fagg v. Texas Co., 57 S.W.2d 87, 89, said: "The terms of the written agreement plainly disclose that an outright sale or unqualified conveyance of a seven-eighths interest in the oil and gas in place was not under contemplation of the parties; but the making of a lease which was to invest the proposed lessee with some character of rights in those minerals was contemplated. The particular character of the rights which were to be acquired by the proposed lessee, or the extent or duration of such rights, is not in any wise disclosed or made ascertainable.

The provision relative to 'an 88 form lease' can shed no light on those matters, for the reason that the character of printed matter contained in any designated class of oil and gas lease forms depends on what matter various designers of such forms may deem appropriate—and may vary accordingly. As we see it, the reference to 'an 88 form lease' is as incapable of definite application as if the term 'oil and gas lease form' had been used instead." See also Jones v. Carver, 59 Tex. 293; Cantrell v. Garrard, Tex.Com.App., 240 S.W. 533, and authorities there cited; Maynard v. Gilliam, Tex. Civ.App., 225 S.W. 818; Anders v. Johnson, Tex.Com.App., 276 S.W. 678; Taubert v. Earle, Tex.Civ.App., 133 S.W.2d 145, writ refused.

■ The court also concluded as a matter of law "that all of the L. H. Reese heirs, with the exception of T. W. Reese, repudiated the contract of H. D. MacDonald by the execution of the oil and gas lease to J. E. Beavers." The contract being voidable and unenforceable on account of its indefiniteness, and also the executory in nature, it is our opinion that the Reese heirs had the right to disaffirm or repudiate it before MacDonald had performed either in whole or in part. Their act in executing and delivering to J. E. Beavers the oil and gas lease of January 4, 1941, was an effective method of disaffirmance. Searcy v. Hunter, 81 Tex. 644, 17 S.W. 372, 26 Am.St.Rep. 837; Simpkins v. Searcy, 10 Tex.Civ.App. 406, 32 S.W. 849, writ refused; 23 T.J. p. 742, Sec. 48. It is true that these authorities have to do with a disaffirmance by an infant of his voidable contract, but we think the rule there stated is equally applicable to such a contract as here under discussion. The thirteen Reese heirs, having disaffirmed their contract with MacDonald by executing and delivering to Beavers an oil and gas lease on the lot here in controversy, could not later, on April 2, 1941, reaffirm said contract so as to defeat the lease given to Beavers on January 4, 1941. These points are overruled.

We have examined all other points advanced by appellants. In our opinion, they are without merit and are respectfully overruled.

The judgment of the trial court is affirmed.