Adopted March 3, 1891.

---

## FOWLER LETNEY V. HENRY MARSHALL.

### No. 2903.

1.   **Impeaching Judgment.**—It is well settled by the decisions of this court that a judgment can not be impeached by a defendant who had appeared and pleaded to the merits before the judgment was rendered, by proving that he had not been served with citation nor had authorized an appearance therein.

2.   **Case in Judgment — Limitation.** — In an action of trespass to try title the plaintiff exhibited title under the patentee.   The defendant then produced in evidence a judgment against the plaintiff rendered upon an appearance by him.   No writ of possession had been issued, and the plaintiff had remained in possession after the judgment and before this suit for over five years.   There being no testimony to the payment of taxes for the time subsequent to the judgment the plaintiff could not recover.   The payment of taxes was necessary to title by limitation, and the effect of the judgment upon the title deed of the plaintiff is not passed upon.

APPEAL from Angelina.  Tried below before Hon. L. B. Hightower. The opinion states the case.

*Mantooth & Townsend,* for appellant.—1. The judgment in cause No. 640, Isom Palmer et al v. H. P. Spier et al., rendered on the 2d day of December, 1880, against the appellant, was rendered without the issuance of citation or acceptance of citation or the service thereof, but was rendered upon an answer filed by R. E. Borden, without the knowledge, consent, or authority of the appellant or any one acting for him; therefore the same was null and void and subject to a collateral attack.  Harris v. Graves, 26 Texas, 577; Morris v. Halbert, 36 Texas, 19; Williams v. Nolan, 58 Texas, 708; Parker v. Spencer, 61 Texas, 155; Bender v. Damon, 72 Texas, 92.

2.  There being no execution for cost or writ of possession issued thereon, the same was dormant and not binding upon appellant, and could not be offered by the appellee as a superior and outstanding title to defeat the appellant's recovery of the land.  Boggess v. Howard, 40 Texas, 153; Riddle v. Turner, 52 Texas, 145; Laughter v. Seela, 59 Texas, 177.

3.  The appellant was entitled to a judgment under his pleas of three and five years statute of limitation and under his claim of title as shown on trial of this cause.  2 Sayles' Civ. Stats., art. 3191; Pearson v. Burditt, 26 Texas, 172; Browning v. Estes, 3 Texas, 471; Horton v. Crawford, 10 Texas, 386; Whitehead v. Foley, 28 Texas, 13; Wright v. Daily, 26 Texas, 730; Wallace v. Wilcox, 27 Texas, 67.

*H. G. Lane,* for appellee.—1. The judgment No. 640, in the District Court of Angelina County, in favor of Isom Palmer v. H. P. Spier et al., in which the appellant was a party defendant and in which his rights under the title he now claims were fully adjudicated, implies absolute verity and is not subject to a collateral attack in this case.  Wilkerson v. Schoonmaker, 77 Texas, 615; Davis v. Robertson, 70 Texas, 394; Treadway v. Eastborn, 57 Texas, 212; Freem. on Judg., secs. 132–134; Carpenter v. Oakland, 30 Cal., 439; Murchison v. White, 54 Texas, 78.

2.  The appellant in the trial of this case in the District Court of Angelina County was ineligible as a witness to prove that he had not been served in case No. 640 in said court, to-wit, Isom Palmer v. H. P. Spier et al., to which he was a party, said judgment reciting service on him. Freem. on Judg., sec. 130; Quivy v. Porter, 37 Cal., 458; Riley v. Lancaster, 39 Cal., 354; Drake v. Duvenick, 45 Cal., 455; Cammel v. Rice, 13 Me., 400; Blossman v. Letchfield, 17 Texas, 647.

3.  To entitle the appellant to recover under the five years statute of limitation he must be for that time in the peaceable and adverse possession of the land in controversy, cultivating, using, and enjoying the same and paying all taxes thereon, and claiming the same under a deed or deeds

duly registered. Rev. Stats., art. 3193; Ledyard v. Brown, 27 Texas, 393; Kelly v. Medlin, 26 Texas, 48; Murphy v. Welder, 58 Texas, 235.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by the appellant. The original petition was filed in the year 1888. The defendant pleaded not guilty.

The plaintiff proved actual adverse possession of the land beginning previous to the year 1877, and he introduced in evidence a deed to himself for the land dated and duly recorded in that year.

The defendant introduced in evidence a judgment in the District Court of Angelina County, rendered on the 2d day of December, 1880, in a cause in which it was recited that the widow, who was the only heir of Isom Palmer, deceased, was the plaintiff and the said Fowler Letney was one of the defendants.

The judgment contained a recital that the "defendant Fowler Letney has answered by general exceptions and pleas of general issue and not guilty," and also that the plaintiff established title in herself from and under the sovereignty of the soil for the league of land of which the survey sued for by the appellant forms a part.

Appellant offered, but the court refused to permit him, to prove that he was never served with citation in the cause in which said judgment was rendered, had never voluntarily appeared therein or authorized any one to appear for him, and especially that he neither authorized the filing of said answer nor had any notice that it had been filed until after this suit was brought.

It is well settled by the decisions of this court that a judgment can not be impeached in the manner proposed. Murchison v. White, 54 Texas, 82; Fitch v. Boyer, 51 Texas, 344; Lawler v. White, 27 Texas, 250; Wilkerson v. Schoonmaker, 77 Texas, 617.

No writ of possession was issued on the judgment and plaintiff continued in the actual possession of the land afterwards as he had done before, and now contends that as he thus continued in possession for more than five years subsequent to the rendition of said judgment he acquired title under the five years period of limitation by his possession subsequent to the judgment under his deed recorded some three years before it was rendered.

It does not become necessary to decide whether or not the operation of the judgment was such as to cancel for all purposes, including limitation, his deed made and recorded before its date. Because if the deed could be given effect so as to give him the benefit of a new period of limitation beginning subsequent to the rendition of the judgment, it would be as necessary for him to prove the payment of taxes for five consecutive years after that date as to prove possession. This he failed to do. He proved the payment of taxes for five consecutive years, but failed to show that they were all subsequent to the date of the judgment. His continuous

five years' adverse possession after the rendition of the judgment is not made entirely clear.

We find no error in the proceedings for which we think the judgment should be reversed, and it is affirmed.

*Affirmed.*

Delivered February 3, 1891.