GEO. D. KENSON v. A. S. GAGE ET AL.

Decided February 17, 1904.

1.—Delinquent Taxes—Sale of Land—Notice.

The citation required by article 5232o, Revised Statutes, to be published in case of land owned by nonresidents on unknown owners and to be sold for taxes, is not invalidated by failure to give the date of filing of the suit.

2.—Same—Collateral Attack—Presumption.

A judgment of a court of competent jurisdiction awarding land to a purchaser at delinquent tax sale can not be attacked collaterally as to the sufficiency of proof to show a valid assessment of the property or sufficiency of the citation to the nonresident or unknown owners, such matters being presumed in favor of the judgment.

3.—New Trial—Diligence—Newly Discovered Evidence.

In order to entitle one to a new trial on the ground of newly discovered evidence, it must appear that the failure to discover such evidence was not due to a lack of diligence. Evidence considered and held not to show such diligence.

ON MOTION FOR REHEARING.

4.—Sale for Taxes—Redemption—Lapse.

The title to land bought at sale for taxes became perfect by lapse of the redemption period and the purchaser did not lose his title by having the amount he paid for the land at the sale credited on a sum he had agreed to pay to other claimants of the land.

5.—Same—Assessment—Validity.

Where the intent was clear to subject the whole of a tract of land to sale for taxes, an assessment stating that the survey contained 640 acres when it really contained 706 is not rendered invalid thereby.

Appeal from the District Court of Brewster. Tried below before Hon. B. C. Thomas.

*W. Van Sickle,* for appellant.

*Turner & Burgess, Sanford & Douglass* and *L. N. Halbert,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 706 acres of land in Brewster County described as survey No. 59, block 341, located by virtue of land certificate No. 1631 issued to L. A. Mings, instituted by appellant against A. S. Gage, who made L. W. Durrell and L. N. Halbert parties as the warrantors of his title. A trial by the court resulted in a judgment for appellees.

There is no statement of facts and the findings of fact of the trial judge are necessarily adopted by this court. According to those findings A. S. Gage is fully invested with the title to the land in controversy through a sale made under execution for taxes due on the land, at which he was the purchaser. The judgment was valid and all the proceedings culminating in a deed by the sheriff to Gage were in strict compliance with law. All of the land in the survey was conveyed by the sheriff to Gage. The land was conveyed to Gage by Durrell and Halbert by warranty deed, the taxes for which the judgment was obtained having

accrued prior to that conveyance. In article 5232o, Revised Statutes, it is provided: "Wherever the owner or owners of any lands or lots returned delinquent or reported sold to the State, or that may hereafter be reported sold or returned delinquent for the taxes due thereon for any year or number of years, are nonresidents of the State, or the name of the owner or owners of said land or lots be unknown, then upon affidavit setting out that the owner or owners are nonresidents or that the owner or owners are unknown to the attorney for the State and after inquiry can not be ascertained, said parties shall be cited and made parties defendant by notice in 'the name of the State and county directed to all persons owning or having or claiming any interest in the following described land delinquent to the State of Texas and county of ———, for taxes, to wit: [here set out description of the land as contained on the assessment roll and such further description obtainable in the petition], which said land is delinquent for taxes for the following amounts: $—— for State taxes, and $—— for county taxes; and you are hereby notified that suit has been brought by the State for the collection of said taxes, and you are commanded to appear and defend such suit at the —— term of the District Court of —— County, and State of Texas, and show cause why judgment shall not be rendered condemning said land (or lot), and ordering sale and foreclosure thereof for said taxes and costs of suit,' which notice shall be signed by the clerk and shall be published in some newspaper published in said county one time a week for three consecutive weeks." It is apparent from the language quoted that it was the intention of the Legislature to prescribe a form of citation or notice in suits by publication against nonresident or unknown owners for taxes, different from the ordinary citation and peculiar to the class of cases mentioned. The object in the enactment was to formulate a guide for citing the nonresident or unknown delinquent taxpayer, and in testing the correctness of a citation in such cases that law alone must be looked to. It follows that the finding of the judge that the citation omitted the date of the filing of the suit in no way contradicts the finding that the citation was issued as directed by law, because in such suits it is not required that such date should be given.

We have discussed the question as to the sufficiency of the citation as though it could be inquired into in a collateral proceeding, which is not true. The judgment was rendered in a court of competent jurisdiction and the same presumptions would be indulged in connection with it as would attend judgments in any other kind of suit or action. "If rendered with competent jurisdiction they can not, as a general rule, be attacked collaterally upon questions relating to the validity of the tax, or to the regularity of the assessment, levy or return, or to the regularity of the court proceedings," etc. Cooley on Tax., 3 ed., pp. 897, 898. In this State it is held that the judgment of a domestic court of general jurisdiction can not be collaterally attacked, even where the record is

silent as to notice. Fitch v. Boyer, 51 Texas, 344; Murchison v. White, 54 Texas, 78; Martin v. Robinson, 67 Texas, 369; Letney v. Marshall, 79 Texas, 513. This disposes of all questions as to the sufficiency of the proof to show a valid assessment of the property for taxation as well as to the sufficiency of the citation. It was unnecessary to prove an assessment of taxes or the issuance of citation, those matters being presumed in favor of the judgment.

Appellant sought a new trial on the ground, among others, of evidence in regard to an offer on the part of the vendor of appellant to redeem the land having been discovered since the trial. It appears from the findings of fact that C. A. Brown, the agent of C. H. Larkin, who sold the land to appellant, lived in Alpine, the county seat of Brewster County, and the offer to redeem was made through a letter written by Brown to Gage in April, 1901, about one year before Kenson bought the land from Larkin. It does not appear that any diligence was used to discover the evidence.

If it be conceded that the evidence was material, the motion for new trial is not supported by the affidavit of appellant or his counsel, and it does not appear therefrom that the evidence was not known to appellant or his counsel, and the affidavit of Brown, which accompanies the motion, tends to show that he had communicated the fact of the offer of redemption to Gage at some time not specified. He said he had heard from some one that Halbert and Durrell had redeemed the land from Gage, but had not communicated that information to the attorney until after the trial, and gives as his reason for not communicating the information that Gage had refused redemption money from Larkin, "and this information he had communicated to W. Vansickle, attorney for Geo. D. Kenson." When this communication was made does not appear and the witness does not swear that he had not told appellant about the testimony before the trial.

If Halbert and Durrell redeemed the land from the tax sale the redemption inured to their benefit and not to that of appellant, and their deed to Gage conveyed all their right, title and interest in the land to him. If it was true that the amount of the taxes paid by Gage was deducted by Halbert and Durrell from the purchase price, we can not see how it invested the title in appellant.

None of the assignments is well taken, and the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

That A. S. Gage had acquired title to the land through the sale under the judgment for taxes can not be disputed. There was no kind of redemption of the land upon the part of appellant, nor for that matter upon the part of anyone else. Durrell & Halbert agreed to sell the land to Gage for $711.25, but Gage insisted that as he paid the taxes on

the land they should allow that as a credit on the price asked for the land and they agreed to it. How this can be construed into a redemption of the land upon the part of appellant is inconceivable to this court, although it is strenuously insisted upon by appellant.

The land was sold under the judgment for taxes on June 6, 1899, and the transaction in which Gage received credit for the amount paid out for the land at the sale took place on October 11, 1901, more than two years after the sale. The time for redemption of the land had expired and it could not have been redeemed by a direct offer to pay to the purchaser double the amount of money paid for the land. The title to the land acquired at the sale for taxes had become perfect by the lapse of the redemption period, and Gage did not lose his title by having the amount he paid for the land at the sale credited on a sum that he had agreed to pay to other claimants of the land.

The whole of the land in controversy was assessed by number and grant, and the fact that it was stated that the survey contained 640 acres when it really contained 760 acres did not render the assessment invalid as to any part of the survey. The whole survey was assessed and the whole of it was sold under the judgment. No one could have been misled by the correct number of acres not being stated. The whole of the survey was delinquent on taxes, and the intent was clear to subject the whole of it to payment of the taxes. The primary purpose of the description in assessment rolls is to apprise the owner of the tract of land of the identity of the land on which the taxes are assessed. The description of the land in controversy fully attained that object. The motion is overruled.

*Overruled.*

Writ of error refused.