H. V. CARR ET AL. v. SARAH E. MILLER ET AL.

Decided December 1, 1909.

**1.—Tax Deed—Judgment—Void and Voidable—Collateral Attack.**

In support of a tax deed offered to show color of title as a basis of limitation, a judgment entitled "State of Texas v. Unknown Persons" (not unknown owners) but reciting that defendant had been duly cited by publication, and foreclosing the State's lien for taxes due by defendant on the land described, was not void on its face and subject to collateral attack on that ground. It would not be presumed, in the absence of proof of the character of the citation published, that it was a notice to unknown "persons" instead of unknown owners.

**2.—Same—Irregularities in Procedure.**

If the judgment foreclosing, on service by publication, a lien for taxes against unknown owners were one requiring the appointment of an attorney to represent defendants not appearing and a continuance of the case for one term after such service had (which is not decided) the failure to comply with these requirements would not render the judgment void on collateral attack.

**3.—Recorded Deed—Acknowledgment—Evidence.**

Objection to a tax deed offered in evidence that it was acknowledged before the grantee as notary, was cured by a subsequent acknowledgment before a notary not disqualified, and also by proof being made, as at common law, of its execution.

Appeal from the District Court of Ward County. Tried below before Hon. James L. Shepherd.

*J. E. Starley* and *W. A. Hudson,* for appellants, cited: On verity of judgment: Treadway v. Eastburn, 57 Texas, 209; Irion v. Bexar County, 26 Texas Civ. App., 527, and the authorities cited below.

On silence of record: Wilkerson v. Schoonmaker, 77 Texas, 615; Martin v. Robinson, 67 Texas, 368; Kenson v. Gage, 34 Texas Civ. App., 547; Holmes v. Buckner, 67 Texas, 107.

On recitals of judgment: Treadway v. Eastburn, supra; Letney v. Marshall, 79 Texas, 513; Wilkerson v. Schoonmaker, 77 Texas, 615; Buse v. Bartlett, 1 Texas Civ. App., 335; Martin v. Burns, 80 Texas, 676; Gillon v. Wear, 9 Texas Civ. App., 44; Am. & Eng. Ency. of Law (2d ed.), vol. 17, p. 1080.

On entry at first term: Davis v. Robinson, 70 Texas, 394; Tobar v. Losano, 6 Texas Civ. App., 698; Patterson v. Seeton, 19 Texas Civ. App., 430.

On appointment of attorney: Note to article 1211, Sayles' Civ. Stats.; Heil v. Martin, 70 S. W., 430-437.

On "unknown person": Rev. Stats., arts. 5232b, 5232c, 5232f, 5232g and 5232o.

Deeds proven as at common law: Herndon v. Casiano, 7 Texas, 322; Stroud v. Springfield, 28 Texas, 663.

On issuance and loss: Sayles' Civ. Stats., Rules 10 and 11, under "Evidence," and authorities there cited.

*Cowan, Burney & Goree*, for appellees.—If the record shows affirmatively that service was defective, then the judgment is void. Art. 5232o, Revised Statutes; Treadway v. Eastburn, 57 Texas, 209-13; Fowler v. Simpson, 79 Texas, 611-17; Martin v. Burns, 80 Texas, 676; Withers v. Patterson, 27 Texas, 491; Collins v. Miller, 64 Texas,. 118; Stegall v. Huff, 54 Texas, 193; Dunn v. Taylor, 42 Texas Civ. App., 241.

The Statute Act, 5232o, requiring the service to be made upon "all persons owning or having or claiming any interest" in the lands, will not be presumed to be complied with by recitation of service upon "unknown persons." Art. 5232o, Rev. Stats.; Babcock v. Wolffarth et al., 35 Texas Civ. App., 512; Garvey v. State, 88 S. W., 873; Earnest v. Glaser, 32 Texas Civ. App., 378; Netzorg v. Green, 26 Texas Civ. App., 119.

A tax deed which shows no authority for the tax sale conveys no title, and a void judgment is not such color of title as to entitle one in possession of land thereunder to recover under the three years statute of limitation. Latimer v. Logwood, 27 S. W., 960; Green v. Hugo, 81 Texas, 452; Meredith v. Coker, 65 Texas, 29; Greer v. Howell, 64 Texas, 688; Telfener v. Dillard, 70 Texas, 139; Dawson v. Ward, 71 Texas, 72.

The judgment in this case was void because of want of service, as at the time of the entry of the judgment notice had not become perfect. Rev. Stats., arts. 1264, 1346, 5232o, 5232g: Cockrell v. State, 22 Texas Civ. App., 568.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title in which the defendants, among other things, pleaded limitation of three, five and ten years. After hearing all the testimony that was held to be admissible, the judge instructed the jury to return a verdict for the plaintiffs for a one-third interest in the land, which was done, and judgment rendered accordingly.

The defendants have appealed and assign as error the action of the court in not permitting them to introduce in evidence a certified copy of a certain judgment rendered by the same court foreclosing a tax lien upon the land in controversy and a deed executed by the sheriff of Ward County conveying the land to M. B. Cranson, which deed recites the fact that the land was sold by the sheriff under an order of sale issued upon the judgment referred to. Appellants deraign title under the judgment and deed above mentioned. Although the judgment may have been voidable, it was admissible in evidence in support of the three years statute of limitation, unless it was absolutely void. The objections urged against it, and which were sustained by the court, were: (1) That it showed upon its face service of citation upon "unknown persons," instead of "the unknown owners" of the land; (2) no appointment of an attorney to represent the defendants cited by publication, and (3) that the judgment was rendered at the same term of court to which the citation was returnable. Those objections were sustained and the defendants excepted. The sheriff's deed was ob-

jected to because it was not supported by a valid judgment, and because it was shown by testimony that the sheriff's acknowledgment to the deed was taken by the grantee Cranson. In so far as it has any bearing upon the question of citation and service thereof, the judgment referred to reads as follows:

"The State of Texas v. Unknown Persons. No. 40.

"And now, on this the 30th day of August, A. D. 1898, this cause coming on regularly for trial, came the plaintiff, by its attorney, and the defendant being called, came not, but wholly made default, and it appearing to the court that the defendant is an unknown person, and that the said defendant had been duly cited by publication as in such case made and provided to appear and answer herein, at this term of this court, and after hearing the pleadings and evidence and duly considering the same, the court is of the opinion and finds that the said defendant is indebted to the plaintiff, the State of Texas, for the taxes due it for the year 1897, in the sum of eighteen (18) and 89/100 dollars, and the further sum of twelve (12) and 75/100 dollars for interest and costs, aggregating the sum of thirty-one (31) and 64/100 dollars, being the total amount due on separate parcels of land as hereinafter described."

There was no other testimony tending to shed light upon the question of the service of citation, the clerk of the court testifying that the petition and all the other papers filed in the case could not be found in his office nor produced by him. It is the settled rule of law that a judgment of a domestic court of general jurisdiction can not be collaterally attacked and shown to be void on account of insufficient notice to the defendant, unless the want of such notice is made to appear upon the face of the judgment or by other documents constituting part of the record in the particular case. (Treadway v. Eastburn, 57 Texas, 209; Martin v. Burns, 80 Texas, 677; Martin v. Robinson, 67 Texas, 368; Letney v. Marshall, 79 Texas, 513.)

Counsel for appellees contend that this case is not within the rule referred to, but comes within the class of cases in which it is held that, where the judgment shows upon its face the particular character of service of citation, and which was not such as the law requires, then the judgment is void and subject to collateral attack. Without controverting the rule of law referred to in behalf of appellees, we are of opinion that this case does not come within that rule, but belongs to the other class of cases. Art. 5232o of the Revised Statutes prescribes the manner in which notice by publication may be served upon non-residents and unknown heirs in suits instituted by the State for the collection of taxes and the foreclosure of tax liens. It requires that, upon affidavit setting out that the owner or owners are non-residents, or are unknown to the attorney for the State, and after inquiry can not be ascertained, said parties shall be cited and made parties defendant by notice in the name of the State and County, directed to all persons owning or having or claiming any interest in the land upon which the taxes are alleged to be due. The judgment under consideration, instead of disclosing a defective and improper notice, recites and declares that the defendant "had been duly cited by publication as in

such case made and provided to appear and answer herein." The contention that the judgment shows on its face that the citation was directed to an "unknown person," and not as prescribed by statute to "all persons owning or having or claiming any interest in the land," is not tenable. The judgment recites that the defendant is an unknown person, and so he may have been, but it does not state what character of notice was served upon him other than as above recited. The judgment having recited due notice to the defendant in the manner required by law, and this being a collateral attack, that recital is conclusive.

If this be one of the class of cases directing the court to appoint an attorney to represent a defendant served by publication and directing the case to stand continued until the next term after return of citation, which we do not hold, the failure to comply with the directions referred to did not render the judgment absolutely void. (Heie v. Martin, 70 S. W., 430; Davis v. Robinson, 70 Texas, 394; Tobar v. Losano, 6 Texas Civ. App., 698, 25 S. W., 973.) Hence, we conclude that the trial court erred in excluding the certified copy of the judgment.

What has been said disposes of the first objection urged against the admissibility of the sheriff's deed. The other objection to it was met by showing a subsequent acknowledgment of the deed before a different officer and by common-law proof of its execution.

By cross-assignments of error appellees contend that the court should have instructed a verdict for them for all of the land, or, at any rate, for more than an undivided one-third interest. We are of opinion that the plaintiffs failed to show title to more than undivided one-third interest, and therefore the cross-assignments are overruled.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed.