MANGUM et al. v. KENLEY et al.

(Court of Civil Appeals of Texas. Galveston. Feb. 22, 1912.)

1. TRESPASS TO TRY TITLE (§ 39*)—EVIDENCE —POSSESSION.

In trespass to try title, where defendants claim under a judgment foreclosing a tax lien, and plaintiffs had already proved a patent from the state to their ancestor, proof of possession by the ancestor before the foreclosure of the tax lien was immaterial.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 54; Dec. Dig. § 39.*]

2. APPEAL AND ERROR (§ 1056*) — REVIEW — HARMLESS ERROR.

An error in excluding evidence is not ground for reversal, where the subsequent developments of the trial render the rejected evidence immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187-4193; Dec. Dig. § 1056.*]

3. TAXATION (§ 648*)—ENFORCEMENT OF LIEN —CONCLUSIVENESS OF JUDGMENT — PARTIES TO ACTION.

The real owners of land are parties to an action by the state against unknown owners to foreclose a tax lien, and the judgment is binding on them, where they were unknown to state

officers when suit was brought, and were served in the manner directed by the statute.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1316; Dec. Dig. § 648.*]

4. TAXATION (§ 647*)—ENFORCEMENT OF LIEN —FORM OF JUDGMENT.

A judgment against unknown owners of land, foreclosing a tax lien thereon, is not invalid because it is against "defendant," instead of "defendants."

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1312-1315; Dec. Dig. § 647.*]

5. JUDGMENT (§ 497*)—ADMISSIBILITY IN EVIDENCE—PRESUMPTION OF VALIDITY.

A judgment foreclosing a tax lien, not invalid on its face, is prima facie valid, and admissible in evidence, without proof of the court's jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. § 497.*]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Trespass to try title by B. S. Mangum and others against R. O. Kenley and others. From a judgment for defendants on a directed verdict, plaintiffs appeal. Affirmed.

Crow & Phillips, for appellants. Kenley & Minton and Hayne Nelms, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title, brought by the appellants against the appellees to recover the title to a survey of 614.5 acres of land in Trinity county, patented by the state of Texas to B. S. Mangum, deceased.

In addition to the usual allegations in a suit of trespass to try title, plaintiffs pleaded title by limitation of three, five, and ten years. The defendants R. O. Kenley and Hayne Nelms answered by general demurrer, general denial, and pleas of limitation of three, five, and ten years. After hearing the evidence, the trial court instructed the jury to find a verdict for said defendants, and upon the return of such verdict rendered judgment in accordance therewith.

The evidence shows that plaintiffs are the heirs at law of B. S. Mangum, deceased, to whom the land in controversy was originally granted. The defendants claim title through a sale made under a judgment of the district court of Trinity county in August, 1900, foreclosing a tax lien upon said land.

[1, 2] Appellants' first assignment of error complains of the refusal of the trial court to permit them to prove by their witness, S. M. Evans, that the original grantee of the survey, B. S. Mangum, took possession of the land on January 1, 1857, and made improvements thereon, and continued in open, notorious, and adverse possession thereof, cultivating, using, and enjoying the same, from the 1st day of January, 1857, to January 1, 1877. Appellants having shown that the land was patented by the state to their ancestor, B. S. Mangum, evidence of the continued possession of the land by said Mangum during a period which ended long prior

to the institution of the suit in which the judgment of foreclosure, under which appellees claim, was rendered was not material to any issue in the case. It is true appellants pleaded title by limitation, and at the time this evidence was offered the origin of appellees' claim of title may not have been divulged, and therefore, as an abstract proposition, appellants may have been entitled to have shown title in their ancestor by limitation in addition to his title by grant; but, as the case was afterwards developed by the evidence, the rejected testimony could have been of no possible benefit to appellants, and, the error, if any, in refusing to allow appellants to introduce the evidence having caused them no injury, the assignment complaining of such error cannot be sustained.

The second assignment of error complains of the refusal of the court to sustain appellants' objection to the introduction in evidence of the judgment of foreclosure under which appellees claim. This judgment is as follows: "Civil Minutes, District Court, Twelfth Judicial District, August Term, 1900. The State of Texas v. Unknown Owners. No. 941. And now on this the 7th day of August, A. D. 1900, this cause coming on regularly for trial, came the plaintiff by its attorney and the defendants by Attorneys Hayne Nelms and H. L. Robb, by the court duly appointed to represent the defendant unknown owners, and it appearing to the court that the law in all things has been complied with, and that service in terms of the law was had of defendants, and after hearing the pleadings and evidence and fully considering the same, the court is of the opinion and finds that the said defendant is indebted to the plaintiff, the state of Texas, for the taxes due it for the years 1885, 1886, 1887, 1888, 1889, 1890, 1891, 1892, 1893, 1894, 1895, and 1896 in the sum of sixty-one and $49/100$ dollars, and the further sum of seventy-three and $84/100$ dollars for interest and costs, aggregating the sum of one hundred, thirty-five and $33/100$ dollars, being the total amount due on separate parcels of land as hereinafter described. It is therefore ordered, adjudged and decreed by the court that the plaintiff, the state of Texas, do have and recover of and from the defendant unknown owners for the taxes, interest and costs due on each of the following described lots or parcels of land." Here follows description of the land in controversy in this suit, and an adjudication that the items of recovery, before mentioned, are due as taxes upon said land, and the lien in favor of plaintiff upon said land for the amount of said taxes, interest, and costs is foreclosed, and an order of sale directed to be issued, as prescribed by the statute.

To the introduction in evidence of this judgment, the appellants made the following objection: "To the introduction of the foregoing tax judgment, the plaintiffs objected, on the ground that neither the plaintiffs in this cause, nor any of them, were parties to said suit, that neither the plaintiffs, nor any of them, were ever served in said cause, that neither the plaintiffs, nor any of them, ever answered in said cause, or became in any wise parties to said proceedings; that plaintiffs are strangers to said judgment; and that the same is inadmissible, as against them, for any purpose at issue before the court in this cause. And further because the said judgment is not against the unknown owners of any particular tract of land; and plaintiffs further object to the same being offered or considered in evidence because, while the same appears to be rendered in a cause in which the state of Texas is plaintiff and the unknown owners are defendants, that the same recites, 'and after hearing the pleadings and evidence and duly considering the same, the court is of the opinion and finds that the said defendant is indebted to plaintiffs,' etc., instead of finding, as a valid judgment should and would have found, 'defendants are indebted to the plaintiffs' for certain taxes, etc.; and plaintiffs further object to said judgment being admitted or considered in evidence, because this is a special statutory proceeding in rem to enforce the collection of taxes delinquent against the Richard Gregory 614.5-acre survey in Trinity county, Tex., originally patented to Bryant S. Mangum, and, being such a proceeding, before the judgment should be admitted or considered in evidence, predicate ought to be laid by showing that the provisions of the statutes authorizing the court to render such judgment had been complied with, and no such predicate had been laid in this cause; and plaintiffs specially object to this judgment being offered or considered in evidence, because it does not appear to have been rendered against the unknown owners of this land, but merely against unknown owners, without designating the unknown owners of what."

[3] We think none of these objections to this judgment is valid. It cannot be said that the plaintiffs were not parties to the suit in which this judgment was rendered. They were not made parties in their individual names, and were not so cited; but, as the unknown owners of the land, they were parties to the suit, and were served with notice in the manner directed by the statute. The evidence shows that they were unknown to the officers of the state at the time the suit was brought and the judgment rendered, and there was nothing to put said officers upon notice of the fact that they were the owners of the land. In these circumstances, a suit and judgment against the unknown owners of the land for recovery of the taxes due thereon is as binding against appellants as suit and judgment against them individually and by name would have been. Article

5232o, Sayles' Civil Statutes; Young v. Jackson, 110 S. W. 74; Kenson v. Gage, 34 Tex. Civ. App. 547, 79 S. W. 605; Carr v. Miller, 123 S. W. 1158.

[4] The objection that the judgment is against the "defendant," instead of the "defendants," is without merit. The adjudication is plainly against the owner or owners of the land; and it is immaterial whether such owner or owners were designated as defendant or defendants.

[5] The last objection, that the judgment was not admissible, because there was no evidence that the provisions of the statute authorizing the court to assume jurisdiction of the case and render the judgment had been complied with, is also untenable. The judgment recites that "the law in all things has been complied with, and that service in the terms of the law was had of defendants." The presumption in favor of judgments of domestic courts of general jurisdiction obtains in favor of judgments in tax suits, at least to the extent that such judgments are prima facie valid, and can only be held void on collateral attack when it is affirmatively shown that the facts necessary to invoke the exercise of the special jurisdiction conferred upon the district courts to entertain such suits did not exist. Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329. This judgment is valid on its face, and was therefore admissible in evidence without any proof that the provisions of the statute authorizing its rendition had been complied with. The authorities, above cited, fully sustain this holding. This disposes of the only assignments presented in appellants' brief. We are of opinion that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.