VAUTER et ux. v. GREENWOOD et al.
(No. 9069.)

(Court of Civil Appeals of Texas. Ft. Worth. March 22, 1919.)

1. DEEDS ⟨⟩⟩26—REALTY BROKERS—AUTHORIZATION INSTRUMENT—TITLE TO LAND.

Instrument, whereby landowners authorized agent to sign their names to contract with third person in disposal of their land, owners agreeing in consideration of agent's services and moneys expended in negotiating the transaction to accept a number of acres out of certain public school lands for their equity in the land disposed of, did not pass any legal or equitable title to the agent or agents in the public school lands conveyed by the third person to the owners.

2. ACKNOWLEDGMENT ⟨⟩⟩20(2)—COMPETENCY TO TAKE—INTERESTED GRANTEE.

A grantee directly interested in the deed was not competent to take the acknowledgment of either of the grantors, husband and wife; and acknowledgments taken by him were invalid, and gave no force whatever to the instrument.

3. DEEDS ⟨⟩⟩53—CONVEYANCE AS DEED OR AS CONTRACT FOR CONVEYANCE—QUESTION FOR JURY.

In trespass to try title by realty brokers to recover certain lands as commission, whether there was such intention to convey that a deed from defendants to plaintiff broker conveyed title as a contract for conveyance of land under Vernon's Sayles' Ann. Civ. St. 1914, art. 1116, *held* for the jury under the evidence, though defendants admitted they signed the instruments.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by W. H. Greenwood and another against S. C. Vauter and wife. From judgment for plaintiffs, defendants appeal. Reversed, and cause remanded.

V. K. Wedgworth, of Ft. Worth, for appellants.

Wray & Mayer, of Ft. Worth, for appellees.

CONNER, C. J. In its final form this suit is one by W. H. Greenwood and W. L. Sargent, appellees, against S. C. Vauter and wife to recover 240 acres of land in Reeves county. The plaintiffs' petition is the ordinary one in trespass to try title, with the usual allegations of seizure and title in plaintiffs and ouster by the defendants. The defendants answered by the plea of not guilty, and the court, upon the conclusion of the evidence, gave a peremptory instruction to the jury to find for the plaintiffs, which being done, judgment in their favor was entered, and the defendants have appealed.

Appellees present objections to the assignments of error; but, inasmuch as we have concluded to treat the court's action in giving the peremptory instruction as fundamental error, we need not stop to consider the sufficiency of appellants' assignments.

The judgment rests alone upon two instruments in writing; the first relates to commissions to be given to appellees for services to be performed in effecting an exchange of an incumbered tract of land owned by appellants in Hunt county, for a one-half section of state school land in Reeves county owned by A. L. Camp. It reads as follows:

"The W. H. Greenwood Land Company.

"Ft. Worth, Texas, April 23, 1915.

"Mr. W. L. Sargent, Dear Sir: Take this as authority from us to sign our name to contract with A. L. Camp in the disposal of the 220 acre Hunt county land. In consideration of services rendered and moneys expended in negotiating the said transaction by and through you, we hereby agree and accept 80 acres of land out of the west ½ of section 46, block 56, public school lands, Reeves county, Texas, for our equity in the Hunt county land. All expenses of this transaction shall be paid by W. L. Sargent and associates and said W. L. Sargent and associates to receive from A. L. Camp the remainder of said Reeves county land as per contract between us and A. L. Camp.

"Yours very truly,　　　　S. C. Vauter.
　　　　　　　　　　　　　　　"Ruth Vauter."

The other instrument need not be set forth. It is merely in the usual form of a general warranty deed, signed by S. C. and Ruth Vauter, purporting to convey to W. L. Sargent and W. H. Greenwood "the south ¾ of the west ½, section 46, block 56, public school land in said county and containing 240 acres of land."

The deed referred to was signed by S. C. and Ruth Vauter, and acknowledged by these parties in the usual form before the appellee Will Sargent, acting as a notary public, but there were no subscribing witnesses to the deed. The exchange of lands, contemplated between the appellants Vauter and wife, and A. L. Camp, was effected by the appellees Sargent and Greenwood, pursuant to which

---

due conveyances seem to have been exchanged between the Vauters and Camp.

[1] It seems evident that the instrument dated April 23, 1915, above copied, does not amount to title, either legal or equitable, in appellees to any specified part of the west ½ of section 46, block 56, public school land in Reeves county, conveyed by A. L. Camp to S. C. Vauter and wife. It only purports to give authority for Mr. Sargent to contract with A. L. Camp in the disposition of the Hunt county land, with the further agreement to accept an unidentified 80 acres of the Reeves county land for their equity in the Hunt county land. In other words, the instrument referred to amounts to no more than a mere contract, and in no sense can it alone be construed as title in appellees to the specific 240 acres of land for which they sued so as to authorize the court's peremptory instruction. Indeed, there is no such claim by the counsel who represent appellees in this case, and the matter has been referred to in order merely to exclude suggestions that this instrument supports the peremptory instruction. We, therefore, will discuss the effect of the deed above referred to as the only possible support for the peremptory instruction shown by the record.

[2] W. L. Sargent was a grantee and directly interested in the deed above referred to, and was therefore not competent to take the acknowledgment of either of the grantors, S. C. and Ruth Vauter. The acknowledgments, therefore, were invalid, and gave no force whatever to the instrument. See Brown v. Moore, 38 Tex. 645; Sample v. Irwin, 45 Tex. 567; Rothschild v. Daugher, 85 Tex. 332, 20 S. W. 142, 16 L. R. A. 719, 34 Am. St. Rep. 811; Carr v. Miller, 58 Tex. Civ. App. 57, 123 S. W. 1158.

[3] But it may be said that the instrument is good as a deed without acknowledgment and without subscribing witnesses. In title 24 of our statutes, relating to conveyances of land, it is provided that such conveyances must be by instruments in writing "subscribed and delivered by the parties disposing of the same or by his agent thereunto authorized by writing." See Vernon's Sayles' Civil Statutes, article 1103. Article 1109 of the same title expressly provides that—

"Every deed or conveyance of real estate must be signed or acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto, or must be duly acknowledged before some officer authorized to take acknowledgments and properly certified to by him for registration."

Of itself, therefore, and without other proof of its execution, we do not think it can be said that the deed signed by Vauter and wife, above referred to, conclusively operates as a transfer of title out of Vauter and wife to the appellees, Greenwood and Sargent.

We have, however, a statute relating to conveyances, which reads as follows:

"When an instrument in writing which was intended as a conveyance of real estate, or some interest therein, shall fail, either in whole or in part, to take effect as a conveyance by virtue of the provisions of this chapter, the same shall nevertheless be valid and effectual as a contract upon which a conveyance may be enforced, as far as the rules of law will permit." Vernon's Sayles' Civil Statutes, article 1116.

And it has been held in one case (Clay County Land & Cattle Co. v. Wood, 71 Tex. 460, 9 S. W. 340), that under a general allegation of title a contract for the conveyance of land may be proven, but it is to be noted that to come within the purview of article 1116, supra, the instrument must have been intended as a conveyance, and in the case mentioned there was proof of actual possession on the part of the one claiming under the contract, which actual possession of itself was evidence of title.

In the case before us now, however, there is no proof of actual possession by appellees, and both of the appellants specifically testified that in signing the deed under discussion it was not intended to thereby convey the land therein described. On this point Mrs. Vauter, among other things, testified in reference to the instrument under discussion:

"I asked Mr. Sargent what kind of an instrument it was, and he told me it was just an instrument in writing to show that we owed him a commission, and I asked him if it had anything to do with my title, and he said, 'Not a bit.' He said it didn't have anything to do with the title in any way. I didn't know that I was signing a deed at that time. I have seen the instrument since signing it; I saw it when the case was up before. I don't have to use glasses; this looks like the instrument of writing that I signed. This is the instrument we had on the other trial. That is my signature there. This deed recites $1,000 in here; either Mr. Greenwood or Mr. Sargent never paid me $1,000. * * * They never paid me anything at all."

S. C. Vauter testified:

"I remember signing an instrument in the office of Mr. Greenwood. Mr. Sargent asked me to sign that instrument. He told me what the instrument was. He said it was just an instrument in writing to show his folks that he had a commission coming in case he should drop off. I don't think he read the instrument to me. * * * I know he didn't. I didn't ask him any questions as to what was in the instrument or what the instrument was. Mrs. Vauter asked Mr. Sargent, 'Will this hurt my deed in any way—will affect my title?' And he said it wouldn't affect the title at all. This is my signature to the instrument you have just handed me."

As it seems to us, it follows that the trial court was not authorized to construe the deed under consideration as conveying title either

of itself or as a contract for the conveyance of land. Appellants were at least entitled to go before the jury and have the jury's determination of whether by the execution of the deed, they, in fact, intended to convey the land therein specified to Greenwood and Sargent. It is true both S. C. Vauter and wife acknowledged that they signed the instrument, and appellees insist that by reason of this fact the peremptory instruction was justified, but we do not think so. Certainly not in view of their testimony, which presents an issue that the court was not authorized to take from the jury.

For the reasons stated, we conclude that the judgment must be reversed and the cause remanded.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes