## HARRIS et al. v. MAYFIELD et al.
## (No. 2628.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1922. Rehearing Denied Nov. 16, 1922.)

1. **Municipal corporations ☞982—Judgment in tax suit, order of sale, and tax deed conclusive of proceedings except for fraud.**

Where suit for delinquent taxes was filed by a city and an apparently valid judgment rendered against the owner for taxes due, and an order of sale was thereafter issued and the property sold and a deed made by the sheriff, such judgment must be regarded as conclusive upon the question of regularity of the assessments and all issues which the court was required to inquire into in that trial and such judgment.

2. **Adverse possession ☞60(1)—Tax title to parents' home held lost by adverse possession.**

Where one purchases a tax title to his parents' home and with his wife lives with them off and on for several years but not regularly or continuously due to domestic troubles between him and his wife which often resulted in one or both of them living elsewhere, during which period lasting for more than 10 years the parents paid taxes and claimed the property as their own, held, the parents had thereby reacquired a valid title by adverse possession.

3. **Appeal and error ☞854(2) — Judgment warranted by record not reversible because erroneously based.**

An appellate court will not reverse a judgment founded on erroneous grounds unless it appears to be wrong, and that conclusion can only be reached when the record discloses no sound basis for the judgment.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬥931(6)—Where effect given recital in deed is not stated, presumption is in favor of court's action.**

Where the record contains no express ruling as to the legal effect of a recital in a deed, it must be regarded as having been given only such consideration as it was entitled to in determining the issue of title.

**5. Estoppel ⬥32(1)—Recital that title granted was inherited does not estop assertion that title was by adverse possession.**

A recital in a deed that the grantor granted title inherited from her daughter, when in fact her title rested upon adverse possession, *held* not an estoppel of those claiming under such deed to assert that the title conveyed was by adverse possession, if other evidence justified a finding that prior to the execution of the deed such a title by limitation had been perfected, nor can such recital operate to divest a title previously acquired by adverse possession.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by Lillie Harris and others against Mollie Mayfield and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

T. P. Young and Y. D. Harrison, both of Marshall, for appellants.

Bibb & Caven, of Marshall, for appellees.

HODGES, J. The property involved in this litigation is a lot situated in the city of Marshall, Tex., which was originally owned and occupied by William Harris and his wife, Chlora. William died in 1908, while occupying the property as the family homestead. His wife continued to reside on the premises till some time in 1916. She then, because of age and ill health, moved to the home of her sister, Mollie Mayfield, and died about one year later. Harris and wife had three children: James, Henry and Elizabeth. James and Henry are still living and are parties to this suit. The daughter, Elizabeth, married Williams, and died some time in 1906 or 1907. It appears indirectly that Williams was dead before any of the conditions arose upon which this controversy is based. Elizabeth was survived one day by her only child, Leola. In 1901, while William and Chlora Harris were living on the property, it was sold for taxes at the suit of the city of Marshall, and was bought in at the execution sale by A. T. Foster for the sum of $16.50. In 1905 Foster, for a valuable consideration, conveyed to James Harris and his sister, Elizabeth Williams. William and Chlora Harris, however, continued in the actual occupancy of the property as before. While James Harris and his wife, appellants in this suit, also resided on the premises at different times, it does not appear that any controversy arose between any of the parties and William Harris as to the right of occupancy, or the title to the property. William Harris continued to pay taxes thereafter to the date of his death, and his wife paid some of the taxes after his death. In April, 1916, Chlora Harris conveyed to her sister, Mollie Mayfield, the eastern half of the lot, reserving to herself a life estate. In July, 1917, after the death of Chlora Harris, Mollie Mayfield and Henry Harris filed a suit for a partition of the property, making James Harris, the only other surviving child, a party defendant. The petition for partition alleged that Mollie Mayfield owned a one-half interest, and that James and Henry each owned an undivided one-fourth interest. James was cited, but made no appearance in the suit. A judgment was thereafter rendered for a partition in accordance with the prayer of the plaintiffs. The property not being susceptible of division, it was sold under a decree of the court, and was bought in by F. W. Patillo, for Henry Harris, to whom a deed was executed.

This suit was instituted by Lillie Harris joined by her husband, James Harris, to set aside to partition decree and the same thereunder and to recover the property. The claim of title is based upon the conveyance from Foster to James Harris and his sister Elizabeth Williams, and also upon adverse possession of more than ten years. The suit is founded upon the assumption that the tax sale divested William Harris and his wife of all title to the property and passed it to Foster, who later conveyed it to James Harris and his sister Elizabeth Williams; that when Elizabeth Williams died her interest passed by inheritance to her daughter Leola, and from Leola to a paternal grandfather and uncle and her maternal grandmother, Chlora Harris. It appears that Lillie Harris, after the partition suit above referred to, acquired by purchase the interest of the paternal grandfather and uncle. The contention is that these heirs of Leola Williams were not parties to the partition suit, and for that reason the decree rendered was a nullity. In a trial before the court a judgment was rendered for the defendants.

The case is brought here upon findings of the trial court accompanied by an agreement covering all of the material facts. The court finds that the property was originally acquired by William and Chlora Harris, who occupied it as a family homestead as previously stated; that James Harris and his wife Lillie had never held such possession of the property as would give them a title by limitation; that the property was sold at a tax sale in 1901 to Foster, and afterwards conveyed by him to James Harris and Elizabeth Williams. He finds, however, that the evidence does not show that all of the prerequisites required by law for a valid tax sale had been complied with in the sale of the property. Touching

the conditions under which the property was sold for taxes, he finds specifically, in substance, as follows: A judgment for taxes was rendered in the district court of Harrison county in March, 1901, in favor of the city of Marshall against William Harris. The judgment and cost of suit amounted to $24.20. In May following, an order of sale was issued upon that judgment by the clerk of the district court, and placed in the hands of the sheriff. No return of the writ is recorded in the execution docket. That docket shows only that the order of sale was issued. All the original papers of the suit, including the order of sale, were lost. In July, 1901, the land was sold under the order of sale to Foster for $29.60, to whom the sheriff made a deed conveying the property, and this deed was filed for record during the same month and properly recorded. There was no evidence that the property had been rendered or assessed for taxes or that any taxes were levied against it during the years set forth in the deed, and no evidence as to whether or not the amount of taxes assessed were correct, except as is shown by the judgment and the entries on the execution docket and by the deed executed by the sheriff to Foster. In June of 1905, Foster sold and conveyed the land, for a consideration of $75, to Elizabeth Williams and James Harris. At the date of this deed James Harris and Elizabeth Williams were living on the place with their father, William Harris. Elizabeth continued to live there until she died, about the year 1906 or 1907. Chlora had been absent living in Dallas and Galveston for a year or more, and returned to the property about 10 days before the death of her daughter, Elizabeth Williams. Upon those findings the court concluded as a matter of law that the sheriff's deed to Foster conveyed no title. He sustained the validity of the partition decree and the rights of the parties thereunder.

[1] The judgment of the trial court is assailed upon the ground that he erred in holding the tax judgment and sale void. It would be difficult to affirm this judgment upon the ground that the tax sale was void. The record shows that a suit for delinquent taxes had been filed by the city of Marshall, and a judgment apparently valid was rendered against the owner, William Harris, for taxes due the city; that an order of sale was thereafter issued, the property sold by virtue of that writ, and a deed made by the sheriff to Foster. That judgment must be regarded in this proceeding as conclusive upon the question of regularity of the assessments and all issues which the court was required to inquire into in that trial. Brown v. Bonougli, (Tex. Sup.) 232 S. W. 490; Kenson v. Gage et al., 34 Tex. Civ. App. 547, 79 S. W. 605. The judgment, the order of sale, and the tax deed from the sheriff were sufficient muniments of title, unless attacked for fraud, to support the claim of Foster's grantees. Lumpkin v. Wood (Tex. Civ. App.) 135 S. W. 1139; Young v. Jackson, 50 Tex. Civ. App. 351, 110 S. W. 74.

[2] But assuming that the tax sale was valid, and that James Harris and his sister, Elizabeth Williams, acquired a good title from Foster, who purchased at the tax sale, it does not follow that the judgment should be reversed. The appellees pleaded specially a title by limitation resulting from adverse possession of more than ten years. In the agreed statement appears the following:

"James Harris and his wife, Lillie Harris, plaintiff in this case, lived on the premises in controversy with Bill and Chlora Harris, the mother and father of James Harris, as their home. But during all the time that they lived there Bill and Chlora also lived there until their death as stated above, claiming it as their home and rendering it for taxes. James Harris and Lillie Harris were separated some six or seven times after their marriage and prior to the date of this suit, and during such periods lived at different places in the city of Marshall. Sometimes one of them would be on the property in controversy, and sometimes neither of them. Also after their marriage James and Lillie Harris rented houses at various places in Marshall, where they lived for various periods of time; but during all the time Bill and Chlora had occupied the property in controversy until their deaths and claimed it as their home."

[3] In the presence of these conceded facts, there was no escape from the conclusion that a title by limitation vested in Chlora Harris some years prior to her death. The period of her occupancy amounted approximately to fifteen years. While the court does not base his judgment upon that source of title, it is clear that he might have done so. Under our system of appellate procedure, a judgment will not be reversed unless it appears to have been wrong; and that conclusion cannot be reached when the record shows a sound basis for the judgment, although this was not one expressly relied on by the trial court.

[4, 5] Appellants, however, attack the judgment of the trial court upon another ground. In the deed from Chlora Harris to her sister, Mollie Mayfield, executed in 1916, is found this language following the description of the property:

"Being my part of the tract of land inherited by me from my daughter Elizabeth P. Williams, deceased, and described in the deed from A. T. Foster to Elizabeth Williams and James H. Harris of date June 3, 1905."

Then follows the usual habendum clause. The assignment based upon that clause in the deed is as follows:

"The court erred in holding that the recital in the deed from Chlora Harris to Mollie Mayfield did not estop the heirs of Mollie Mayfield from claiming under any other title than the tax deed from the sheriff to A. T. Foster

and from said Foster to James Harris and Elizabeth Williams."

There does not appear in the conclusions filed by the trial court any express ruling upon the legal effect of that recital in the deed. We must therefore regard the deed as having been given only such consideration as it was entitled to in determining the issue of title. Such a recital as to the origin of her title to the land she was conveying tended to show that Chlora Harris had never claimed the property adversely to her daughter Elizabeth, and furnished some evidence against appellees' claim of a title by adverse posssession. But that is not the question presented. It is clear that this recital would create no estoppel if other evidence justified a finding that prior to the execution of that deed a title by limitation had been perfected in Chlora Harris. This recital could not, under such circumstances, operate to divest the previously acquired title in Chlora Harris. The grantee in a conveyance ordinarily takes all the title which the grantor has and undertakes to convey at the time the deed is delivered. In this instance the manifest intent of Chlora Harris, the grantor, was to convey to her sister a fee simple estate to a one-half interest in the property; and that estate passed by the deed if Chlora Harris at the time actually owned that interest. The heirs of Mollie Mayfield are not estopped from claiming anything which Chlora Harris could have claimed were she living to-day. There is no question raised in the assignments of error as to the sufficiency of the evidence to support the conclusion that Chlora Harris had previous to this deed acquired a title to the property by ten years adverse occupancy. If that be true, then the title acquired from Foster had been defeated, and the property passed at the death of Chlora Harris to her grantee and heirs. These were all parties to the partition suit. The partition decree was therefore not subject to the objections made.

The judgment will be affirmed,