**WEAVER et ux. v. GARRIETTY.**

No. 11728.

Court of Civil Appeals of Texas. Dallas.

June 1, 1935.

Rehearing Denied July 6, 1935.

for the recovery of the title and possession of lot 5 in block P, Webster and Woods North Park addition to the city of Dallas. From an adverse judgment, defendants appealed.

The parties will be referred to as in the court below. The material facts, in substance, are these: T. A. Hord, common source, conveyed the lot in question to Fred Garrietty on August 12, 1908; Fred and Maggie Boswell married December 31, 1913, and improved and occupied the lot in controversy as their homestead. A suit was instituted by Maggie against Fred, in the Forty-Fourth district court of Dallas county, for divorce also involving property rights and, on August 23, 1927, a judgment was rendered divorcing Fred and Maggie, reciting: "The court is of the opinion and finds that plaintiff (Maggie) is entitled to a divorce and to a partition of the property belonging to plaintiff and defendant, that lot #5 in block P of Webster & Woods North Park Addition to the City of Dallas, in Dallas County, with the improvements thereon, is now and since 1917 has been the homestead of plaintiff and defendant, and was paid for partly with the separate funds of defendant, but principally with the separate funds of plaintiff; that the household and kitchen furniture in said home is the separate property of plaintiff; that lots 6 and 7 in Block P, and Lot 17 in Block #———, of said addition is the separate property of defendant; that all other personal property of said parties is their community property, and that defendant used $600 of plaintiff's separate funds in 1917 in acquiring or improving said lot, and said furniture should be awarded to plaintiff and the balance of said property should be awarded to defendant," and it was so decreed.

After the rendition of the divorce decree, Maggie continued to occupy lot No. 5, and on May 12, 1929, she and defendant Frank Burke were married; the marriage license described her as Maggie Garrett, and thereafter she was known as Maggie Burke; she and Frank resided upon and used the lot in controversy as their homestead up to the time of her death on April 3, 1931, and the property has since been occupied successively by Frank and his vendees, Jules Weaver and wife, Eula Weaver. Maggie died intestate, leaving her lawful husband her sole heir under the statutes of descent and distribution. On December 29, 1931, Frank, claiming to

Lee R. Stroud, of Dallas, for appellants.

Currie McCutcheon, of Dallas, for appellee.

LOONEY, Justice.

Fred Garrietty sued Frank Burke, Jules (J. J.) Weaver, and wife, Eula Weaver,

own the property as the sole heir of his deceased wife, Maggie, entered into an executory contract with Jules (J. J.) Weaver for its sale, to be consummated when Frank, by proper legal proceedings, established his heirship and removed cloud from the title, which it seems was never done, but on January 5, 1933, by warranty deed, Frank conveyed the property to Jules (J. J.) Weaver and wife, Eula Weaver, who have since used and occupied the premises.

On September 9, 1930, Fred Garrietty married Carrie Fairfax, being prior to the death of Maggie, which occurred, as aforesaid, on April 3, 1931. After the death of Maggie, Fred Garrietty and E. D. Hurt made a joint application to the probate court of Dallas county for letters of administration on the estate of "Maggie Garrietty" (not Burke), alleging, among other things, that at the time of her death, she purportedly owned real property of the value of $500 (meaning the lot in controversy), and was the lawful wife of Fred, in that, the divorce proceedings had in the Forty-Fourth district court August 23, 1927, divorcing Fred and Maggie, and disposing of certain properties, including the lot in question, were void; that Fred was never cited in said cause, nor did he make any appearance, nor was he represented therein, and had no notice of such proceedings until long thereafter; that the lot in question was his separate property, and that in the situation presented, a review proceedings should be brought to set aside the divorce decree, and an administrator of the estate of Maggie should be appointed, for the purpose either of suing or being sued to determine the ownership of said lot. Accordingly, on October 28, 1931, the probate court of Dallas county appointed E. D. Hurt administrator of said estate, who qualified and, in inventorying the property in question, stated that the title of deceased to the lot was in dispute; that it was adversely claimed; and that such claim cast a cloud on the title, hence it was necessary that the controversy in regard to the title be settled by a suit, etc. On October 29, 1931, Fred Garrietty brought an action in the Forty-Fourth district court against E. D. Hurt, administrator aforesaid, to review and set aside, in its entirety, the divorce decree of August 23, 1927, but neither of the defendants was a party to the suit. The administrator failed to answer the suit and an interlocutory judgment by default was rendered against him on December 1, 1931, which was made final on same day, vacating and setting aside, in its entirety, the divorce decree of August 23, 1927, divesting title out of said estate and vesting same in plaintiff, Fred Garrietty. After these proceedings, Fred instituted this suit against Burke and the Weavers, to recover the title and possession of the lot in controversy. The petition contains two counts, the first a formal statutory action in trespass to try title; in the second, plaintiff specially pleaded his title, alleging at great length the proceedings hereinbefore stated, basing his reliance on the judgment in the review proceedings in his favor against Hurt, administrator.

Defendants answered jointly, by a general denial, a plea of not guilty, followed by special defenses by defendant Burke, among others the statute of three-year limitation. The case was tried without a jury, is before us without a statement of facts, but the record contains elaborate findings and conclusions by the trial judge, from which the facts just recited were taken.

At the threshold we have a motion by plaintiff to strike all assignments of error urged by defendants, on the ground that the questions raised were waived, in that the points were not specified in their motion for a new trial in the lower court. As the case was tried without a jury, defendants were not required to move for a new trial, but having done so, did they waive all questions not specified in the motion? This suggests an interesting matter of procedure, but we do not deem it necessary to decide the point, in that the motion for a new trial challenged the correctness of the judgment on two grounds, elaborated in the assignments of error, to the effect that the judgment appealed from was contrary to law and contrary to the evidence. Considered as assignments, these specifications are entirely too general to invite consideration, but, in our opinion, were sufficient to save the points and prevent waiver. The motion for a new trial is not in itself an assignment of errors, and since the amendment to article 1844, in 1931 (see chapter 75, p. 117, § 1 [Vernon's Ann. Civ. St. art. 1844]), it is not necessary to file assignments in the trial court, but same may be embodied in the brief filed in the appellate court. We therefore overrule the motion to strike defendants' assignments.

We think it obvious that, unless the judgment in favor of plaintiff against Hurt, administrator, setting aside the divorce de-

cree and vesting title to the lot in plaintiff, is binding upon defendants, the judgment appealed from cannot stand. Notwithstanding the death of Maggie, we think Fred Garrietty was authorized, on equitable grounds, to have the divorce decree of August 23, 1927, set aside, not for the purpose, primarily, of disturbing the decree as to the divorce, as the death of Maggie effectually dissolved her marital status, whatever it was, but because the divorcement affected property rights of the parties, and changed the course of its descent and distribution. See 1 C. J. 208, § 404; Richmond v. Richmond (Mo. App.) 225 S. W. 126; Caddell v. Gibson, 204 Mo. App. 182, 222 S. W. 873.

In effect, the suit was an effort on the part of plaintiff to recover title and posssesion of real estate, claimed by defendant Burke as an heir of his deceased wife, Maggie, under the law of descent and distribution, then in the possession of Weaver and wife, who claimed the same as vendees of Burke. In this situation, we think defendants should have been made parties to the review proceedings. The statute (article 1982, Vernon's Ann. Civ. St.) provides that: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant." See the following cases under this statute: Russell v. Railway Co., 68 Tex. 646, 650, 5 S. W. 686; Lufkin v. City of Galveston, 73 Tex. 340, 11 S. W. 340; East v. Dugan, 79 Tex. 329, 15 S. W. 273. It follows that the judgment in favor of plaintiff against Hurt, administrator, did not affect the interest of defendants, as the doctrine is fundamental that strangers to a decree or judgment are not bound thereby. See 25 Tex. Jur., § 251, pages 681, 682, and authorities cited.

As before recited, defendants filed a joint answer, urging a general denial and a plea of not guilty, and defendant Burke, in the same pleadings, separately urged certain special defenses, among others the three-year statute of limitation (Rev. St. 1925, art. 5507). One of the grounds of error assigned is that the court erred in not sustaining Burke's plea of three-year limitation. In answer to this contention, plaintiff says that, as Burke conveyed all interest he had in the land to Weaver and wife, therefore "as to Frank Burke, the recovery of the land is entirely moot, and the validity of the divorce decree, the bill of re-

view setting it aside in the 44th District Court, and the adjudication of the lot involved herein to Frank Garrietty, all are moot, and Frank Burke has nothing to complain of." To this contention we cannot subscribe.

It was admitted that T. A. Hord was the common source of title. Plaintiff claimed through the deed from Hord to himself, executed prior to his marriage to Maggie, and under the judgment in his favor against Hurt, administrator of Maggie's estate. The defendants claimed under the judgment, in favor of Maggie, divesting title out of Fred in the divorce proceedings of August 23, 1927, and Burke, as surviving husband of Maggie, claiming to be her sole heir, under the law of descent and distribution, conveyed the lot to the Weavers by warranty deed. Plaintiff's petition alleged that, on January 5, 1933, Frank Burke executed a warranty deed, conveying the lot in question to Jules Weaver and wife, Eula Weaver; the answer of Frank Burke contains substantially the same allegations, and the court found as a fact that Burke, by a general warranty of January 5, 1933, conveyed the land in question to the Weavers for a recited consideration of $275.

So, it is not disputed but admitted and found by the court that Burke was a warrantor of the title to Weaver and wife; hence, as such, he was vitally interested and entitled to defend and urge all defenses to the suit, since a judgment in favor of the plaintiff for the land would render him liable on his warranty. See article 7388, R. S. 1925; Simkins v. Searcy, 10 Tex. Civ. App. 406, 32 S. W. 849 (writ refused). The record disclosed that, after the divorce decree was rendered, in August, 1927, Maggie continued to occupy the premises until she and Burke married, and thereafter until her death; that Burke occupied the premises until he sold to Weaver and wife; and that they have since occupied the same, each claiming ownership. So, the question resolves itself to this: Was the claim asserted by defendants "color of title" within the meaning of the statute? It has been held that a void judgment—that is, void upon its face—appearing in a chain of title will not constitute "color of title," within the meaning of the statute. See Latimer v. Logwood (Tex. Civ. App.) 27 S. W. 960. But it has also been held that, although voidable, a tax judgment was admissible in evidence in behalf of a purchaser at a sale thereunder in support of

the three-year statute of limitation. See Carr v. Miller, 58 Tex. Civ. App. 57, 123 S. W. 1158, application · dismissed. This doctrine results from the settled rule in this state that a judgment of a domestic court of general jurisdiction is considered valid, and not subject to collateral attack on account of insufficient notice to the defendant, unless the want of notice appears upon the face of the judgment or from other documents constituting part of the record in the particular case. See Treadway v. Eastburn, 57 Tex. 209; Martin v. Burns, 80 Tex. 676, 677, 16 S. W. 1072; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550; Letney v. Marshall, 79 Tex. 513, 15 S. W. 586.

So, we conclude that the court erred in not sustaining Burke's plea of three-year limitation.

For the reasons indicated, we reverse the. judgment of the court below, and render judgment for defendants.

Reversed and rendered.